# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM EBRAHIMI, *et al.* | § § § § | |
| vs. | § | CIVIL ACTION NO. <u>3:23-CV-00273</u> |
| | § § § | |
| MYKILL FIELDS, *et al.* | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **SHAMIM EBRAHIMI** (hereinafter referred to as "Plaintiff"), and files this Plaintiff's First Amended Complaint against a voluminous list of Defendants who are individually listed in section "VII. PARTIES" *supra*.

Plaintiff's causes of action against Defendants are extensive but are generally rooted in RICO violations including severe forms of trafficking in persons, sex trafficking, kidnapping, obstructions of justice, wire fraud, honest services fraud, bribery, theft, and money laundering; civil rights violations; anti-trust violations; fraud; negligence; intentional infliction of emotional distress; barratry; unlawful use of zombies/ botnets; unlawful interception, use, and disclosure of communications; and nuisance activity under Federal and/ or State law as applicable.

Plaintiff seeks monetary relief, injunctive relief,[1] declaratory relief, orders on matters relating to professional misconduct, federal intervention, and for this case to be expedited in every way. In support thereof, Plaintiff shows unto the Court as follows:

## I. JURISDICTION

1.1     This Court has original jurisdiction over this suit. This Court has original jurisdiction over this suit because Plaintiff's claims arise under the Constitution and laws of the United States, Plaintiff seeks to recover damages and to secure equitable and other relief for the protection of civil rights, and because the United States and its officers are parties to this suit. This Court also has supplemental jurisdiction over Plaintiff's State law claims that are sufficiently related to the claims within the Court's original jurisdiction. 28 U.S.C. § 1367(a). Lastly, this Court has jurisdiction pursuant to applicable law and its inherent authority to render declaratory relief, provide injunctive relief, issue disciplinary orders, and impose sanctions as requested herewith.

1.2     This Court has personal jurisdiction over each Defendant because each Defendant either conducts business in this State or committed, conspired to commit, abetted, relieved, and/ or ratified acts of invasion of privacy, misappropriation of protected property, unjust enrichment, severe forms of human trafficking, distribution and/ or receipt of sexually explicit visual material, promotion of prostitution, sexual performance by a child, extortion, bribery, illegal money transactions, gambling, drug trafficking, transfer of stolen property, civil rights violations, injury to reputation, unfair competition, stalking, kidnapping, torture, witness tampering, obstruction of justice, barratry, use of fraudulent court documents, racketeering activity, nuisance activity, deceptive trade practices, unauthorized use of a zombie or botnet, sedition, terroristic activity, and

---

[1] Plaintiff seeks life-time protective orders against at least all Defendants with the following symbol next to their name: ℗.

negligence resulting in injury to Plaintiff that occurred in part or in whole in Texas, thus, establishing sufficient minimum contacts with this State so as to not offend the traditional notions of fair play and substantial justice.

## II. VENUE

2.1     There is no district where venue is mandatory and a substantial part of the events or omissions giving rise to the claims presented herein originated and/ or occurred in this district. However, a factual basis supports the conclusion that the public servants who have sworn—so help us God—to faithfully and impartially discharge and perform all duties incumbent upon them under the law are less able than willing to preside as an impartial and disinterested tribunal in this case, to ensure that Plaintiff receives the full and equal benefits and protections of all laws for the security of persons and property, and to protect Plaintiff in the free enjoyment and exercise of his rights and privileges secured under the laws of this State and the United States.

2.2     The public servants to whom Plaintiff petitions for redress continue to engage in a pattern of willful conduct that is clearly inconsistent with the faithful and impartial discharge and performance of all duties incumbent upon them under the law, and that casts doubt upon the judiciary and the administration of justice.

2.3     If a judge has a personal bias or prejudice against a party, in favor of an adverse party, or about the subject matter of the suit, the judge should recuse himself or herself. If a judge has personal knowledge of a disputed fact in this case and cannot fairly preside over this matter, the judge should recuse himself or herself. If a judge or someone with whom he is sufficiently associated has a financial interest that will be substantially affected by the outcome of the proceeding, the judge should recuse himself or herself. If a judge cannot be an impartial arbiter in this, the judge should recuse himself or herself.

**2.4** If an impartial and disinterested tribunal cannot be had in this district, State or circuit, then the law would require that this case be transferred to a venue supported by public servants who discharge and perform all duties incumbent upon them under the law faithfully and impartially. As such, Plaintiff reserves the right to transfer venue an impartial and disinterested tribunal cannot be had in this district, State, or circuit.

## III. FACTS

**3.1** Rather than provide Plaintiff—an individual who has been subjected to severe forms of trafficking and torture for over twenty years at the hands of a Government sanctioned child sex-trafficking ring—with due process and the highest forms of protection as required by law, the President of the United States, the Vice Presidents of the United States, the Attorney General of the United States, the Director of the Federal Bureau of Investigation, several members of the United States Congress, and several members of the Federal Judiciary consciously denied Plaintiff access to justice, engaged in a course of conduct that caused, prolonged and exasperated Plaintiff's emotional distress, and allowed or supported 2,000 entities and persons to further torment and traffic Plaintiff an additional three years.

**3.2** Plaintiff and almost every listed Defendant have no personal relationship. As a matter of fact, Plaintiff has exchanged more than a hundred words with less than a handful of the over 2,000 Defendants and, even then, Plaintiff has not communicated with those few individuals in nearly seven years.

**3.3** Despite this, Defendants—primarily through Azita Erfani and Michael R. Fields—have subjected Plaintiff to no less than 5,000 known actionable events, dating back to approximately the year 2000 or when Plaintiff was sixteen years old and continuing to present day.

**3.4** These events include subjecting Plaintiff to almost constant electronic and visual surveillance; restricting Plaintiff's liberty of movement; subjecting Plaintiff to sex trafficking; subjecting Plaintiff to forced labor; subjecting Plaintiff to serious violent felonies; depriving Plaintiff of educational opportunity which includes sabotaging Plaintiff's legal education, interfering with Plaintiff's college education, and harming Plaintiff's high school education; depriving Plaintiff of social opportunity by instructing persons not to engage with or include Plaintiff; depriving Plaintiff of employment opportunity by instructing persons not to interview or hire Plaintiff, and by interfering with Plaintiff's attempts to establish and follow in his own business; depriving Plaintiff of economic opportunity by instructing persons not to engage with or include Plaintiff; interfering with Plaintiff's attempts to take advantage of economic opportunity; misappropriating Plaintiff's assets and property; subjecting Plaintiff to wrongful criminal prosecution; causing Plaintiff serious bodily injury on at least two separate occasions; subjecting Plaintiff to two wrongful evictions and harming his rental history without lawful authority; subjecting Plaintiff to a wrongful attorney grievance; causing Plaintiff severe emotional distress and physical pain; causing Plaintiff to suffer a brain aneurysm; rendering Plaintiff a disabled individual; murdering Plaintiff's dog of almost fourteen years; torturing Plaintiff's seven month old puppy to a point beyond remedy such that the puppy had to be put down two and a half years later; interfering with Plaintiff's federal financial assistance; tampering with Plaintiff's medication and interfering with his doctor-patient relationships; harming Plaintiff's reputation; forcibly sterilizing Plaintiff on live broadcast; sexually assaulting Plaintiff on live broadcast; and denying Plaintiff's several attempts to seek redress for the harms resulting from Defendants' misconduct.

**3.5** Those 5,000 actionable events do not include the over 330 simulated attorney-client cases, the over 5,000 phone calls and text message exchanged along with those simulated cases, the over

2,000 e-mails exchanged in association with those simulated cases, or the over 15,000 fraudulent government documents in association with those simulated cases—all of which occurred between 2014 and 2019.

**3.6** Those 5,000 actionable events also do not include the over 5,700 e-mail ***threads***[2] exchanged on the Harris County Criminal Lawyers Association (henceforth referred to as "HCCLA") listserve between September 2017 and July 2019 alone[3], approximately 1/3rd of which were composed and published with the intention of harassing Plaintiff and/ or dissuading him from reporting the commission of criminal offenses.

**3.7** Nor do those 5,000 actionable events include the over 750 TV commercials, the over 250 movies/ TV series, or the numerous songs made by misappropriating Plaintiff's private information and/ or to harass Plaintiff between 2021 and present day.

**3.8** Plaintiff has satisfied the legal definition of a disabled individual since November 25, 2014, having suffered a brain aneurysm and subsequent severe traumatic brain injury two days prior.

**3.9** Plaintiff has not consented to any Defendant disrupting him in the enjoyment of his protected legal rights. No Defendant has had the legal authority to disrupt Plaintiff in the enjoyment of his protected legal rights. No Defendant has been legally justified in committing acts in violation of the law.

## IV. CLAIMS

**4.1** Defendants acted in violation of and damaging interests protected by the laws listed in Exhibit 1 which is incorporated herein by reference.

---

[2] Equating to over 26,000 pages.
[3] The amount of e-mail threads exchanged between approximately January 2014, when Plaintiff joined the HCCLA, and September 2017 are unknown as Plaintiff deleted said e-mails from his inbox around September 2017 due to the emotional distress they caused him. Plaintiff has asked members of HCCLA administration on at least two occasions since after September 2017 for means to retrieve the e-mails published on the HCCLA's listserve but has been ignored and/ or denied.

**4.2** Defendants—with specific intent to cause Plaintiff harm and with callous indifference to Plaintiff's secured rights—conspired: to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity; to acquire or maintain an interest in an enterprise through a pattern of racketeering activity; to use or invest any part of income received from a pattern of racketeering activity, or the proceeds thereof, in the acquisition of any interest in, establishment of, or operation of any enterprise; to devise any scheme to defraud Plaintiff and others; to devise any scheme for obtaining money or property by means of fraud; to defraud Plaintiff of his intangible right to honest services;[4] to interfere with Plaintiff's right to the full and equal benefit of all laws and proceedings for the security of persons and property; to disturb Plaintiff in the exercise or enjoyment of any legal right, privilege, or immunity secured by the Constitution or laws; to deny Plaintiff life, liberty, the orderly pursuit of happiness, property, privileges, or immunities secured by the Constitution or laws of the United States or the State of Texas without due process or due course of law; to engage in a course of conduct with the intent to injure, harass, intimidate, or place under surveillance with the intent to injure, harass, or intimidate Plaintiff; to facilitate the promotion, management, establishment, or carrying on of any unlawful activity, specified criminal activity, organized criminal activity, common nuisance activity, public nuisance gang activity, and/ or deceptive trade practices; to conduct a financial transaction involving property used to conduct or facilitate unlawful activity or the proceeds therefrom; to knowingly use without lawful authority a means of identification of another person; to seize, confine or restrain and hold Plaintiff; to harbor, provide, or obtain Plaintiff for labor, services, and sexual conduct; to benefit from participation in a venture which has engaged in trafficking or forced labor; to obtain, use, or disclose protected information concerning Plaintiff's business, health, and private

---

[4] The duties owed by Defendants are listed in Exhibit 2, which is incorporated herein by reference.

life, which includes visual streams, images, and any matter of indecent or immoral character, obscene material, intimate visual material, or any article or thing capable of producing sound; to unlawfully intercept, divulge, or use Plaintiff's private communications; to transmit and/ or transfer any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been misappropriated, converted, or taken by fraud; to cause a computer not owned or operated by Defendants to become a zombie or part of a botnet; to use a zombie or botnet to perform an act for another purpose not authorized by the owner or operator of the computer; to alter, destroy, or conceal an object with the intent to impair its integrity or availability for use in an official proceeding; to hinder, delay, prevent, or dissuade any person from attending or testifying in an official proceeding, reporting to a law enforcement officer or judge of the United States the possible commission of a federal offense, or seeking the arrest of another person in connection with a federal offense; to retaliate against any person for providing any information relating to the commission or possible commission of a Federal offense; to make, present, or use fraudulent court records, securities, bonds, public records, affidavits, or other writings; to commit barratry; to engage in cyber-stalking; to use the administrative and/ or judicial process for the purpose of suppressing competition; to suppress competition; to restrain trade and/ or commerce; to monopolize any part of trade and/ or commerce; to acquire any part of the assets of Plaintiff and/ or to use the aforementioned in a manner that lessens competition and/ or creates a monopoly; to interfere with Plaintiff enrolling in or attending any school, university, or college; to interfere with Plaintiff's right to acquire useful knowledge; to interfere with Plaintiff traveling in or using any facility of interstate commerce, or using any vehicle, terminal, or facility of any common carrier by motor, rail, water, or air; to interfere with Plaintiff participating in or enjoying any benefit, service, privilege, program, facility, or activity administered by the United States or any

State or subdivision thereof; to interfere with Plaintiff participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; to interfere with Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation free from discrimination or segregation; to interfere with Plaintiff enjoying any place of exhibition or entertainment which serves the public free from discrimination or segregation; to interfere with Plaintiff enjoying any establishment which serves the public and which holds itself out as serving patrons of such establishments free from discrimination or segregation; to interfere with Plaintiff enjoying the goods, services, facilities, privileges, advantages, or accommodations of any establishment which provides lodging to transient guests free from discrimination or segregation; to interfere with Plaintiff applying for or enjoying employment—or prerequisite thereof—by any agency of the United States, by any agency of any State or subdivision thereof, or by any private employer; to interfere with Plaintiff using the services or advantages of any labor organization; to interfere with Plaintiff's right to be free from government abusive use of powers without any legitimate law enforcement objective; to interfere with Plaintiff's entitlement to be free from any law, statute, regulation, rule, or order of a State or any agency or political subdivision thereof that purports to require discrimination or segregation; to interfere with Plaintiff's right to be free from unreasonable searches and seizures; to interfere with Plaintiff participating lawfully in speech or peaceful assembly; to interfere with Plaintiff's right to petition the Government for redress; to interfere with Plaintiff's right of access to the Courts; to interfere with Plaintiff's right to sue; to interfere with Plaintiff's right to be party; to interfere with Plaintiff's right to give evidence; to interfere with Plaintiff's right to a trial by jury; to interfere with Plaintiff's right to privacy; to interfere with Plaintiff's right to avoid the disclosure of personal information; to interfere with Plaintiff's right to freedom of association; to

interfere with Plaintiff's right to be free from government intrusion in intimate association with others; to interfere with Plaintiff's right to marry; to interfere with Plaintiff's right to personal autonomy; to interfere with Plaintiff's right to procreate; to interfere with Plaintiff's right to bring up children; to interfere with Plaintiff's right to establish a home; to interfere with Plaintiff's right to independently make certain decisions and to engage in certain conduct; to interfere with Plaintiff's right to create, hold, receive, purchase, lease, sell, and convey real, personal, tangible, and/ or intangible property; to interfere with Plaintiff's right to make, perform, modify, enforce, terminate, and enjoy all the benefits, privileges, terms, and conditions of the contractual relationship; to interfere with Plaintiff's right to be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other; to interfere with Plaintiff's right to be free from cruel and unusual punishment; to interfere with Plaintiff's right to be free from corruption of blood; to interfere with Plaintiff's right to be free from assaults, violence, and excessive force; to interfere with Plaintiff's right to be free from psychological harm; to interfere with Plaintiff's right to equal protection; to interfere with Plaintiff's right to due process; and to interfere with Plaintiff's rights under the Texas Bill of Rights.

**4.3** Defendants' acts infringed on Plaintiff's right to lease, hold, use, sell, receive, and convey property; to privacy; to the orderly pursuit of happies; to equal protection; to due process; to due course of the law; to due administration of the law; to open access to courts; to freely associate; to travel freely; to interest in Plaintiff's reputation; to obtain useful knowledge; to follow in one's business; to bodily autonomy; to full and equal benefit of all laws and proceedings for the security of person and property; to not be disenfranchised without due course or law; to the enjoyment of employment by a private employer; and to open markets free from suppression of competition. Defendants' acts caused Plaintiff lost opportunity, lost profit, damage to credit, property damage,

serious bodily injury, loss of companionship, and loss of enjoyment of life; exposed Plaintiff to ridicule and contempt; injured Plaintiff's personal and business reputations; and restricted Plaintiff's liberty of movement.

**4.4** Defendants are not entitled to any of the rights, privileges, or immunities attendant upon persons, organizations, and legal bodies created under the laws of the United States or Texas. Defendants prevented and delayed the execution of a multitude of laws of the United States and Texas. Defendants also substantially obstructed law enforcement and other governmental functions and services; possessed property of the United States or Texas contrary to the authority thereof; used the law and legal process in unauthorized and illegal manners; disrupted Plaintiff and others in the enjoyment of protected legal rights; caused immediate danger of injury to person or property; committed acts intended to alter the Constitutional form of government; and/ or advocated, advised, conspired, and/or participated in the management of an organization that engaged in the aforementioned seditious activity. As such, whatever rights, privileges, and immunities which have heretofore been granted to Defendants by reason of the laws of the United States or Texas are terminated.

**4.5** Defendant-principals are liable for the wrongful acts of their agents because their agents were acting with apparent authority and within the course of their employment, and because the Defendant-principals induced, committed, concealed, provided material support, and/ or failed to punish their agents' wrongful acts, having a duty otherwise to do so. For the same reasons, Defendants are jointly liable for exemplary liability.

**4.6** Defendants' acts were motived by bias or prejudice based on gender, race, color, disability, religion, age, political affiliation, financial status, dating and/ or familial relationships, and/ or status as a "judge," "peace officer," and/ or public servant.

**4.7** Defendants acted with the purpose of causing Plaintiff substantial injury. Defendants knew there was a reasonable probability their misconduct would result in substantial injury to Plaintiff but continued anyway. Defendants created opportunities to cause Plaintiff harm that would not have otherwise existed, and took affirmative action that increased the risk of harm specific to Plaintiff.

**4.8** The causes of action raised herein include but are not limited to, under Federal and State laws: civil RICO violations not limited to qualifying acts under 18 USC §§ 1961(1)(A), 666, 875, 1028, 1029, 1341, 1342, 1346, 1462, 1465, 1503, 1510, 1511, 1512, 1513, 1589, 1590, 1591, 1832, 1951, 1952, 1956, 1957, 2314, 2315, 2320, fraud in the sale of securities under 1961(1)(C), and any offense involving felonious dealing in controlled substance under 1961(1)(C); trafficking violations; unlawful disclosure of intimate visual material; obscenity; conversion; theft of trade secrets; unlawful taking; unjust enrichment; antitrust violations; invasion of privacy; Civil Rights violations not limited to but including rights and protections under 42 USC §§ 1981, 1982, 1983, 1985, 1986, 1988, 2000a, 2000a-1, 2000a-2 and 12132, and Subchapters II and III of Chapter 126; extortion; gender discrimination; race discrimination; religious discrimination; disability discrimination; discrimination in association with a Federally funded program; discrimination in an education program receiving Federal financial assistance; crime of violence motivated by gender; aggravated sexual assault; forced sterilization; breach of fiduciary duty; legal malpractice; breach of contract; breach of warranty; fraud; deceptive trade practices; bribery; interference with relations; unlawful restraint; unlawful use of zombies or botnets; unlawful access to computers; unlawful interception of communications; unlawful use and disclosure of communications; fraudulent court documents; barratry; defamation; business disparagement; landlord-tenant claims;

negligence; negligence per se; trespass; conversion; theft; stalking; cyber-stalking; obstruction of justice; witness tampering; infliction of emotional harm; and common and public nuisance.

**4.9** Plaintiff's claims for barratry are brought against the person(s) who instituted the cases; provided or permitted to be provided written communications that contained false or misleading claims; solicited Plaintiff's employment; paid for the solicited employment; financed the solicitation of Plaintiff's employment; invested funds that were used to facilitate the carrying on of barratry; and/ or ratified or recklessly disregarded such prohibited activity.

**4.10** Plaintiff's claims for fraudulent court records, documents, and claims are brought against each person who made, presented, and used a fraudulent court record, document, or claim; knowingly permitted any facility under his/ her control to be used for such prohibited activity; and/ or ratified or recklessly disregarded such prohibited activity.

**4.11** Plaintiff's claims for anti-trust violations and unfair competition are brought against every corporation and person who acted in violation of any of anti-trust prohibition—Federal or State—and/ or ratified or recklessly disregarded such prohibited activity.

**4.12** Plaintiff's claims for cyber-stalking are brought against each person who made harassing telephone calls to Plaintiffs; utilized a telecommunication device to harass Plaintiffs; created and/ or distributed harassing communications to Plaintiffs; permitted any telecommunications facility under his/ her control to be used for such prohibited activity; and/ or ratified or recklessly disregarded such prohibited activity.

**4.13** Plaintiff seeks civil penalties at the maximum amounts permitted under the law. Plaintiff seeks damages and penalties against the Defendants jointly and severally. Plaintiff seeks exemplary damages against the Defendants identified herein and elsewhere cumulatively where

*SHAMIM EBRAHIMI, et al. v. MYKILL FIELDS, et al*; **Case # 3:23-CV-00273**
––– PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL   Page **13** of **15**

applicable on legal bases in addition to joint-exemplary-liability due to ratification and maintaining a common nuisance.

**4.14** Plaintiff seeks that the jurisdiction of the Court in the trial and disposition of this cause—to the extent that the laws of the United States are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law for the protection of all persons in the United States in their civil rights and for their vindication—be extended, exercised, and enforced in conformity with the common law as modified and changed by the Constitution and statutes of the State of Texas so far as they are not inconsistent with the Constitution and laws of the United States.

## V. REQUEST FOR DECLARATORY RELIEF

**5.1** Plaintiff asks that the Court *sua sponte* enter declaratory orders and take any other action along therewith and in furtherance thereof against licensed attorneys for violations of at least the following laws where the facts necessitate: Tex. Code Jud. Conduct, Canons 1, 2A, 2B, 2C, 3A, 3B(1), 3B(2), 3B(3), 3B(5), 3B(6), 3B(7), 3B(8), 3B(9), 3B(11), 3C(1), 3C(2), 3C(3), 3C(4), 3D(1), 3D(2), 4A(1), 4A(2), 4C(1), 4D(1), 4D(4), 4I, 5(1)(ii), 5(4), 6, and 6H; Tex. Disciplinary R. Prof'l Conduct 8.03(a) and (b), 8.04(a)(1), 8.04(a)(3), 8.04(a)(2), 8.04(a)(4), 8.04(a)(9), 8.04(a)(5), 8.04(a)(6), 8.04(a)(12), 1.01(b), 3.01, 3.03, 3.04(b), 3.09, 4.01, 5.01, 5.08, 7.02, and 7.03; and the Fed. Code of Conduct for United States Judges.

## VI. CONCLUSION

For these reasons, Plaintiff asks that the Court provide perform all duties in this case pursuant to 28 U.S. Code § 1915(d), including but not limited to providing Plaintiff with information that will assist in identifying address(es) for service of process with respect to several Defendants that Plaintiff has been unable to locate pursuant to 28 U.S. Code §§ 534(a)(4), (a)(c)

and (f)(1), drafting summons and orders, and executing service of process pursuant to Fed. R. Civ. Pro. 4(c)(3); provide Plaintiff in with injunctive relief in accordance with the law;[5] provide Plaintiff declaratory relief as may be requested; enter judgments for Plaintiff against Defendants jointly and severally where applicable for monetary damages, exemplary damages, pre- and post-judgment interest, costs of suit, and attorney fees; and provide Plaintiff all other relief to which he is allowed in law or equity.

Respectfully
As Always,

_____
**SHAMIM EBRAHIMI**
SBN. 24072907
5335 BENT TREE FOREST DR.
#271
DALLAS, TX 75248
(469) 536-9597 / O
(469) 962-2219 / F
SE.LPSE29@gmail.com / E
**PRO SE PLAINTIFF ATTORNEY**

### DECLARATION UNDER PENALTY OF PERJURY

I, Shamim Ebrahimi, verify under penalty of perjury that the foregoing is true and correct.

_____
**SHAMIM EBRAHIMI**

---

[5] As stated in Footnote 1, Plaintiff seeks life-time protective orders against all Defendants with the following symbol next to their name: Ⓟ.