

PLAINTIFF'S EXHIBIT

2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM EBRAHIMI, *et al.* | § § § § | |
| vs. | § § | CIVIL ACTION NO. **3:23-CV-00273** |
| MYKILL FIELDS, *et al.* | § § § | |

## LIST OF DUTIES AND REPRESENTATIONS

The duties listed herein are not limited to the persons or entities specifically identified.

### GENERALLY

1. An agent has a duty to perform the acts and duties of the agent's principal.

2. The President of the United States has a duty to faithfully execute the Office of President of the United States, and to preserve, protect and defend the Constitution of the United States. U.S. Const. art. II, § 1, clause 8.

3. The President of the United States has a duty to ensure that the laws be faithfully executed. U.S. Const. art. II, § 3.

4. The President of the United States has a duty to suppress any unlawful combination, insurrection, conspiracy, or domestic violence if it opposes or obstructs the execution of the laws of the United States or impedes the course of justice under those laws. 10 U.S. Code § 253.

5. All courts of the United States shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders. 28 U.S. Code § 452.

### PRIORITY OF CIVIL ACTIONS AND EXPEDITED ACTIONS

6. Civil Justice Expense and Delay Reduction Plan

a. Each United States District Court has a duty to implement, since 1991, a civil justice expense and delay reduction plan the purpose of which is to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes. 28 U.S. Code § 471.

7. Federal Code of Conduct for US Judges

a. In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs. Canon 3A(5).

b. Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to take reasonable measures to ensure that court personnel, litigants, and their lawyers cooperate with the judge to that end. Canon 3A(5).

8. Priority of Civil Actions; Expedited Actions

a. Notwithstanding any other provision of law, each court of the United States shall expedite the consideration of any action for temporary or preliminary injunctive relief, or any other action under the Constitution of the United States or a Federal Statute indicating a factual context in which expedited consideration has merit. 28 U.S. Code § 1657(a).

b. On the filing of an application for a protective order, the court shall set a date and time for the hearing not set a date later than the 14th day after the date the application is filed, unless a later date is requested by the applicant. Tex. Fam. Code § 84.001(a).

c. In any civil action instituted under 18 U.S.C. § 1961, *et seq.*, Racketeering Influenced and Corrupt Organizations Act, where the attorney files a certificate of general public importance with the clerk of such court, the court shall proceed as soon as practicable to the hearing and determination on the matter. The court may, before final determination, take any other lawful action to prevent a continuing and substantial injury to any person(s) for whose protection the action is brought. 18 U.S.C. § 1966.

d.  In any civil action to enjoin a violation of 18 U.S.C. § 1341, *et seq.*, Mail Fraud and Other Fraud Statutes, the court shall proceed as soon as practicable to the hearing and determination on the matter.  The court may, before final determination, take any other lawful action to prevent a continuing and substantial injury to any person(s) for whose protection the action is brought.  18 U.S.C. § 1345(b).

e.  In any civil action to enjoin a violation of the statutes against Peonage, Slavery, and Trafficking in Persons; Sexual Exploitation and Other Abuse of Children; Transportation for Illegal Sexual Activity and Related Crimes, the court shall proceed as soon as practicable to the hearing and determination on the matter.  The court may, before final determination, take any other lawful action to prevent a continuing and substantial injury to any person(s) for whose protection the action is brought. 18 U.S.C. § 1595A(b).

f.  In any civil action to enjoin a violation of 15 U.S.C. §§ 1-7, the court shall proceed as soon as practicable to the hearing and determination on the matter.  The court may, before final determination, take any other lawful action to prevent a continuing and substantial injury to any person(s) for whose protection the action is brought. 15 U.S.C. § 4.

9.  Magistrate's Authority

a.  A request for injunctive relief is a pretrial matter that a judge is "except[ed]" from designating a magistrate judge to hear and determine under 28 U.S. Code § 636(b)(1)(A).

10.  In Forma Pauperis

a.  The officers of the court shall perform all duties, including issuance and service of all process, in a case where a court of the United States has authorized that a person may proceed in their legal action without the prepayment of fees or security therefor. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.  28 U.S. Code § 1915(d).

    b.   The court may request *sua sponte* an attorney to represent any person unable to afford counsel.  28 U.S. Code § 1915(e)(1).

11.   Summons

    a.   The court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915;  Fed. R. Civ. P. 4(c)(3).

12.   Exchange of Identification Records and Information

    a.   The Attorney General, or any official appointed by him, shall exchange such records and information with, and for the official use of, authorized officials of the Federal Government.  Information from national crime information databases or Interstate Identification Index consisting of identification records, criminal history records, protection orders, wanted person records, or any other court or government document may be disseminated to civil or criminal courts for use in domestic violence or stalking cases.  28 U.S. Code §§ 534(a)(4), (a)(c), and (f)(1).

13.   Any justice or judge of the United States, United States magistrate judge, chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate of the state where the offender is located and who has knowledge that the defendant committed an offense against the laws of the United States has a duty to arrest and imprison defendant.  18 USC § 3041.

14.   The Director, Associate Director, Assistant to the Director, Assistant Directors, inspectors and agents of the Federal Bureau of Investigation, United States Marshalls, officers and agents of the Secret Service, Special agents of the ATF, and any other investigator or officer charged by the Attorney General with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of the laws of the United States have the duty to make arrests without warrant for any offense against the United States committed in their presence, or for any felony cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony.  18 USC § 3052; 18 USC § 3053; 18 USC § 3051; 18 USC § 3056.

## DOMESTIC VIOLENCE & STALKING

15. Victims of family violence are entitled to the maximum amount of protection that is permitted under the law from harm or abuse or the threat of harm or abuse. Tex. Crim. Code Proc. art. 5.01(a).

16. Attorney General has the duty to provide maximum assistance possible to victims of sexual assault and domestic violence to achieve recovery from the traumas associated with these crimes. 34 USC § 12312(a)(2)(A).

17. A law enforcement officer who investigates a family violence incident or who responds to family violence related disturbance call shall make a written report, including but not limited to: (1) the names of the suspect and complainant; (2) the date, time, and location of the incident; (3) any visible or reported injuries; (4) a description of the incident and a statement of its disposition; and (5) whether the suspect is a member of the state military forces or is serving in the armed forces of the United States in an active-duty status. Tex. Crim. Code Proc. art. 5.05(a).

18. The primary duties of a law enforcement officer who investigates a family violence allegation or who responds to a family violence related disturbance call are to protect any potential victim of family violence, without regard to the relationship between the victim and the alleged offender; enforce all applicable laws, both state and Federal; enforce all valid protective orders, including those from another jurisdiction as provided by Chapter 88, Family Code; and make lawful arrests of violators. Tex. Crim. Code Proc. arts. 5.01(b) and 5.04(a).

19. A law enforcement officer who investigates a family violence allegation or who responds to a family violence related disturbance call shall advise any possible adult victim of all reasonable means to prevent further family violence, including giving written notice of a victim's legal rights and remedies and of the availability of shelter or other community services for family violence victims. Tex. Code Crim. Proc. art. 5.04(b).

20. A prosecuting attorney's decision to file an application for a protective order under Chapter 71, Family Code, should be made without regard to whether a criminal complaint has been filed by the applicant. Tex. Crim. Code Proc. art. 5.06(b).

21. A court may not dismiss or delay any criminal proceeding that involves a prosecution for a family violence offense because a civil proceeding is pending or not pending; or before presenting a criminal allegation to a grand jury, filing an information, or otherwise proceeding with the prosecution of a criminal case require proof that a complaining witness, victim, or defendant is a party to a suit for the dissolution of a marriage or a suit affecting the parent-child relationship. Tex. Crim. Code Proc. art. 5.06(a).

22. Attorney General shall provide Federal, State, local and Native courts (including juvenile courts), Native Indian governments, and units of State and local governments necessary amount of personnel, training, technical assistance, data collection and other resources for the more widespread apprehension, prosecution, and adjudication of crimes of domestic violence, dating violence, sexual assault and stalking, and to develop and strengthen victim services in said cases. 34 U.S. Code § 10441(b).

23. Federal government has a duty to assist Federal, State, local, and Native Indian governments, including courts and law enforcement agencies, to improve the criminal justice response to domestic violence, dating violence, sexual assault, and stalking as serious violations of criminal law, and to seek safety and autonomy for victims. 34 U.S. Code § 10461(a).

    a. To ensure that personally identifying information of adult, youth, and child victims of domestic violence, sexual violence, stalking, and dating violence shall not be released or disclosed to the detriment of such victimized persons. 34 U.S. Code § 12441.

    b. To strengthen legal advocacy and legal assistance programs and other victim services for victims of domestic violence, dating violence, sexual assault, and stalking, including strengthening assistance to such victims in immigration matters. 34 U.S. Code § 10461(b)(5).

    c. To educate Federal, State, Native, territorial, and local judges, courts, and court-based and court-related personnel in criminal and civil courts (including juvenile courts) about domestic violence, dating violence, sexual assault, and stalking and to improve judicial handling of such cases. 34 U.S. Code § 10461(b)(6)

    d. Developing, testing, presenting, and disseminating model programs to be used by States (as defined in section 10701 of title 42) in training judges and court personnel in the laws of the States and by Indian tribes in training Native judges and court personnel

in the laws of the tribes on rape, sexual assault, domestic violence, dating violence, and other crimes of violence motivated by the victim's gender. 34 U.S. Code § 12371.

e. Attorney General shall provide training to law enforcement officers, judges, court personnel, and prosecutors to more effectively identify and respond to crimes of domestic violence, dating violence, sexual assault and stalking, and to develop and strengthen victim services in said cases. 34 U.S. Code § 10441(b)(1)

f. Attorney General shall develop and implement more effective police, court, and prosecution policies, protocols, orders, and services specifically devoted to preventing, identifying, and responding to crimes of domestic violence, dating violence, sexual assault and stalking, and to develop and strengthen victim services in said cases. 34 U.S. Code § 10441(b)(3).

g. To develop or strengthen policies and training for police, prosecutors, and the judiciary in recognizing, investigating, and prosecuting instances of domestic violence dating violence, sexual assault, and stalking against individuals with disabilities (as defined in section 12102(2) of title 42). 34 U.S. Code § 10461(b)(8)

h. Attorney General shall develop, enlarge, and strengthen programs to assist law enforcement, prosecutors, courts, and others to address the needs and circumstances of individuals with disabilities who are victims of domestic violence, dating violence, sexual assault, or stalking, including recognizing, investigating, and prosecuting instances of such violence or assault and targeting outreach and support, counseling, legal assistance, and other victim services to such individuals. 34 U.S. Code § 10441(b)(9).

i. Attorney General shall assist Federal, State, local and Native courts (including juvenile courts), Native Indian governments, and units of State and local governments to develop and strengthen effective law enforcement and prosecution strategies to combat crimes of domestic violence, dating violence, sexual assault and stalking, and to develop and strengthen victim services in said cases. 34 U.S. Code § 10441(a).

j. To centralize and coordinate police enforcement, prosecution, or judicial responsibility for domestic violence, dating violence, sexual assault, and stalking cases in teams or

units of police officers, prosecutors, parole and probation officers, or judges. 34 U.S. Code § 10461(b)(3).

k. Attorney General shall develop, train, and expand units of law enforcement officers, judges, court personnel, and prosecutors specifically targeting crimes of domestic violence, dating violence, sexual assault and stalking, and develop and strengthen victim services in said cases. 34 U.S. Code § 10441(b)(2).

l. Duty to include as part of subsections b-j, at minimum, the following:

    i. Training on the extent to which addressing domestic violence and victim safety contributes to the efficient administration of justice. 34 U.S. Code § 12372(22);

    ii. Training on the underreporting of rape, sexual assault, and child sexual abuse. 34 U.S. Code § 12372(2);

    iii. Training on the nature and incidence of rape and sexual assault by strangers and nonstrangers, marital rape, and incest. 34 U.S. Code § 12372(1);

    iv. Training on the need for orders of protection, and the implications of mutual orders of protection, dual arrest policies, and mediation in domestic violence and dating violence cases. 34 U.S. Code § 12372(18);

    v. Training on the physical, psychological, and economic impact of rape and sexual assault on the victim, the costs to society, and the implications for sentencing. 34 U.S. Code § 12372(3);

    vi. Training in the recognition of and response to gender-motivated crimes of violence other than rape, sexual assault and domestic violence, such as mass or serial murder motivated by the gender of the victims. 34 U.S. Code § 12372(19);

    vii. Training on the physical, psychological, and economic impact of domestic violence and dating violence on the victim, the costs to society, and the implications for court procedures and sentencing. 34 U.S. Code § 12372(11);

    viii. Training on the psychology of sex offenders, their high rate of recidivism, and the implications for sentencing. 34 U.S. Code § 12372(4);

ix.  Training on the likelihood of retaliation, recidivism, and escalation of violence by batterers, and the potential impact of incarceration and other meaningful sanctions for acts of domestic violence including violations of orders of protection. 34 U.S. Code § 12372(16);

x.  Training on the psychology and self-presentation of batterers and victims and the implications for court proceedings and credibility of witnesses. 34 U.S. Code § 12372(12);

xi.  Training on sex stereotyping of female and male victims of rape and sexual assault, racial stereotyping of rape victims and defendants, and the impact of such stereotypes on credibility of witnesses, sentencing, and other aspects of the administration of justice. 34 U.S. Code § 12372(6);

xii.  Training on sex stereotyping of female and male victims of domestic violence and dating violence, myths about presence or absence of domestic violence and dating violence in certain racial, ethnic, religious, or socioeconomic groups, and their impact on the administration of justice. 34 U.S. Code § 12372(13);

m.  To develop policies, educational programs, protection order registries, data collection systems, and training in police departments to improve tracking of cases and classification of complaints involving domestic violence, dating violence, sexual assault, and stalking. Policies, educational programs, protection order registries, and training described in this paragraph shall incorporate confidentiality, and privacy protections for victims of domestic violence, dating violence, sexual assault, and stalking. 34 U.S. Code § 10461(b)(2).

n.  To provide technical assistance and computer and other equipment to police departments, prosecutors, courts, and Native jurisdictions to facilitate the widespread enforcement of protection orders, including interstate enforcement, enforcement between States and Native jurisdictions, and enforcement between Native jurisdictions. 34 U.S. Code § 10461(b)(7).

24.  In order to gain a better understanding of the nature and the extent of gender bias in the Federal courts, the circuit judicial councils have a duty to conduct studies of the instances, if any, of gender bias in their respective circuits and to implement recommended reforms. 34

U.S. Code § 12381(a).  The studies shall include, at a minimum, an examination of the effects of gender on:

    a. The treatment of victims of violent crimes in judicial proceedings.  34 U.S. Code § 12381(b)(4);

    b. The treatment of defendants in criminal cases.  34 U.S. Code § 12381(b)(3);

    c. The treatment of litigants, witnesses, attorneys, jurors, and judges in the courts, including before magistrate and bankruptcy judges.  34 U.S. Code § 12381(b)(1); and

    d. The interpretation and application of the law, both civil and criminal.  34 U.S. Code § 12381(b)(2).

25. The Federal Judicial Center has a duty to include in its programs of continuing education and training for personnel of the judicial branch and other persons whose participation in such programs would improve the operation of the judicial branch—especially in the training programs it prepares for newly appointed judges—information on the aspects of the aforementioned topics.

26. A duty to also prepare and provide the aforementioned information in a manner that is comprehensible and easily accessible to the general public without seriously jeopardizing any legitimate law enforcement objective.

27. The Attorney General has a duty to undertake periodic reviews

28. On the filing of an application for a protective order, the court shall set a date and time for the hearing not set a date later than the 14th day after the date the application is filed, unless a later date is requested by the applicant.  Tex. Fam. Code § 84.001(a).

29. The court may not *sue sponte* delay a hearing on an application for a protective order.  Tex. Fam. Code § 84.001(b).

30. On the filing of an application, the clerk of the court shall issue a notice of an application for a protective order and deliver the notice as directed by the applicant.  Tex. Fam. Code § 82.042(a).

31. On request by the applicant, the clerk of the court shall issue a separate or additional notice of an application for a protective order.  Tex. Fam. Code § 82.042(a).

32. Notice of an application for a protective order must be served by the clerk of the court in the same manner as citation under the Texas Rules of Civil Procedure, except that service by publication is not authorized.  Tex. Fam. Code § 82.042(c).

33. A person who witnesses family violence is has a duty to report the family violence to a local law enforcement agency.  Tex. Fam. Code § 84.001(b).

## CIVIL RIGHTS

34. Preliminary investigations of violations of criminal civil rights statutes may be conducted by the FBI on its own initiative.  U.S. Attorneys are authorized to request the FBI to institute a preliminary investigation.

35. The United States attorneys, marshals, deputy marshals, magistrate judges appointed by the district and territorial courts with the power to arrest, imprison or bail offenders, and every other officer who is especially empowered by the President, are required to institute prosecutions against and cause to be arrested and imprisoned or bailed all persons interfering with any person in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States or the State in which s/he is situated.  42 U.S. Code § 1987.

36. The Attorney General has a duty to give priority assistance to remediating, investigating, enjoining, prosecuting, and punishing hate crimes.  34 U.S. Code § 30501(10); 34 U.S. Code § 30503.

37. Federal, State, and local authorities all have a duty to remediate, investigate, enjoin, prosecute, and punish crimes motivated by bias in the United States.

38. Federal, State, and local authorities have the duty to work together as partners in the investigation and prosecution of crimes motivated by bias.  34 U.S. Code § 30501; 34 U.S. Code § 30507.

39. The Attorney General has a duty to ensure that the concerns and needs of all parties associated with the investigation and prosecution of hate crimes—including community groups, schools, colleges, universities, and places of public accommodation—are adequately addressed.  34 U.S. Code § 30503.

40. The Attorney General shall vigorously investigate, enjoin, prosecute, and punish persons who own, lease, and/ or operate places of public accommodation that discriminate against persons

in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations on the basis of race, color, religion, national origin, sex, disability, gender related characteristics, or political affiliation. 42 U.S. Code § 2000a-3; 42 U.S. Code § 12188(b)(1)(A)(i).

41.  The Attorney General has a duty to undertake periodic reviews of places of public accommodation to ensure that persons who own, lease, and/ or operate places of public accommodation do not discriminate against persons in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations on the basis of race, color, religion, national origin, sex, disability, gender related characteristics, or political affiliation. 42 U.S. Code § 2000a-3; 42 U.S. Code § 12188(b)(1)(A)(i).

42.  Officer for Civil Rights and Civil Liberties has a duty to: (1) review and assess information concerning abuses of civil rights, civil liberties, and profiling on the basis of race, ethnicity, or religion, by employees and officials of the Department; (2) make public through the Internet, radio, television, or newspaper advertisements information on the responsibilities and functions of, and how to contact, the Officer; (3) assist the Secretary, directorates, and offices of the Department to develop, implement, and periodically review Department policies and procedures to ensure that the protection of civil rights and civil liberties is appropriately incorporated into Department programs and activities; and (4) oversee compliance with constitutional, statutory, regulatory, policy, and other requirements relating to the civil rights and civil liberties of individuals affected by the programs and activities of the Department. 6 U.S. Code § 345.


**TRAFFICKING LAWS**

43.  All persons have a duty not to interfere with or prevent in any way the enforcement trafficking laws. 18 U.S. Code § 1590(b); 18 U.S. Code § 1591.

44.  Federal, State, and local authorities have a duty to protect trafficking victims. 22 U.S. Code § 7101(a); 22 U.S. Code § 7105(c)(1); 34 U.S. Code § 20701.

45.  Courts have a duty to proceed as soon as practicable to the hearing and determination of applications for injunctive relief whenever it shall appear that any person is about to engage

in any act in violation of trafficking laws, and a duty to take such other action as is warranted to prevent a continuing and substantial injury to any person or class of persons for whose protection the action is brought. 18 U.S.C. § 1595A(b).

46. Federal, State, and local authorities have a duty to assure the health, safety, and welfare of trafficking victims, which includes the psychological well-being and social adjustment of that person. 18 U.S. Code § 3521(b); 22 U.S. Code § 7105(c)(1).

47. Federal, State, and local authorities have a duty to effectuate the safe integration or reintegration of trafficking victims into an appropriate community or family, with full respect for the wishes, dignity, and safety of the trafficked individual. 22 U.S. Code § 7105(a)(1)(D).

48. Federal, State, and local authorities have a duty to take all appropriate steps to enhance cooperative efforts among government entities and agencies, including those of origin of victims of trafficking, to assist in the integration, reintegration, or resettlement of victims of trafficking. Such programs and initiatives shall be designed to meet the appropriate assistance needs of such persons. 22 U.S. Code § 7105(a)(1).

49. Trafficking victims shall: (1) not be detained in facilities inappropriate to their status as crime victims; (2) receive necessary medical care and other assistance; and (3) be provided protection if a victim's safety is at risk or if there is danger of additional harm by recapture of the victim by a trafficker, including: (a) taking measures to protect trafficked persons and their family members from intimidation and threats of reprisals and reprisals from traffickers and their associates; and (b) ensuring that the names and identifying information of trafficked persons and their family members are not disclosed to the public. 22 U.S. Code § 7105(c)(1).

50. Federal, State, and local authorities all have a duty to make serious and sustained efforts to eliminate severe forms of trafficking in persons. 22 U.S. Code § 7106(a)(4).

51. Federal, State, and local authorities all have a duty to institute criminal, civil, and/ or equitable proceedings upon probable cause that a person is or is about to engage in any act in violation of trafficking laws. 18 U.S.C. § 1595A(a).

52. Duty to vigorously investigate persons reasonably believed to be violating trafficking laws. 22 U.S. Code § 7101(a); 22 U.S. Code § 7106(b); 34 U.S. Code § 20701; 34 U.S. Code § 20709.

53. Upon sufficient proof, Federal, State, and local authorities have a duty to seek the indictment of and vigorously prosecute persons adequately charged with violating trafficking laws. 22 U.S. Code § 7101(a); 22 U.S. Code § 7106(b) ; 34 U.S. Code § 20701; 34 U.S. Code § 20709.

54. Upon sufficient proof, Federal, State, and local authorities have a duty to vigorously investigate, prosecute, convict, and sentence public officials, telecommunications providers, members of the entertainment industry, and other covered offenders, high-risk industries, and persons that participate in, facilitate, or benefit from severe forms of trafficking in persons or exploit victims of such trafficking, and take all appropriate measures against officials and "high-profile" parties who condone or enable such trafficking. 22 U.S. Code § 7101(a); 22 U.S. Code § 7106(b); 34 U.S. Code § 20701; 34 U.S. Code § 20709.

55. The Attorney General shall emphasize in training that an individual who knowingly solicits or patronizes labor, services, or a commercial sex act from a person who was subject to force, or fraud is guilty of an offense under chapter 77 of title 18 and is a party to a human trafficking offense. 34 U.S. Code § 20709a.

56. The Attorney General shall educate and train Federal and State law enforcement personnel in how to establish trust of trafficking victims and encourage cooperation with prosecution efforts. 34 U.S. Code § 20705(a)(1)(E).

57.  The Attorney General shall ensure that Federal law enforcement officers are engaged in activities, programs, or operations involving the detection, investigation, and prosecution of covered offenders.  34 U.S. Code § 20709(c)(2).

58.  The Attorney General shall produce and disseminate replication guides and training materials for law enforcement officers, prosecutors, judges, emergency responders, individuals working in victim services, adult and child protective services, social services, and public safety, medical personnel, mental health personnel, financial services personnel, and any other individuals whose work may bring them in contact with human trafficking regarding how to: (1) identify signs of human trafficking; (2) conduct investigations in human trafficking cases; (3) address evidentiary issues and other legal issues; and (4) appropriately assess, respond to, and interact with victims and witnesses in human trafficking cases, including in administrative, civil, and criminal judicial proceedings.  34 U.S. Code § 20711.

59.  The Attorney General shall ensure that all screening protocols used during all anti-trafficking law enforcement operations in which a Federal law enforcement officer is involved minimize trauma or revictimization of the person being screened, and include guidelines on assisting victims of human trafficking in identifying and receiving victim services.  34 U.S. Code § 20709(f)(2)(E).

60.  The Secretary of Homeland Security shall train and periodically retrain Transportation Security Administration, U.S. Customs and Border Protection, and other Department personnel with respect to how to effectively deter, detect, and disrupt human trafficking, and, where appropriate, interdict a suspected perpetrator of human trafficking, during the course of their primary roles and responsibilities.  6 U.S. Code § 642.

61. Attorney General has a duty to implement and effectuate a National Strategy for Combating Human Trafficking. 34 U.S. Code § 20711.

62. Attorney General and Secretary of Health and Human Services have a duty to implement, disseminate, and effectuate best methods and practices for training Federal, State, and local law enforcement personnel on the investigation, prosecution, and enforcement of laws prohibiting human trafficking. 34 U.S. Code § 20701.

63. Federal, State, and local authorities have a duty to achieve appreciable progress in eliminating human trafficking when compared to an assessment of the previous year. 22 U.S. Code § 7106(b).

64. Federal, State, and local authorities have a duty to take serious and sustained efforts to reduce the demand for non-consensual commercial sex acts. 22 U.S. Code § 7106(b); 34 U.S. Code § 20709a.

65. Federal, State, and local authorities have a duty to monitor social patterns for evidence of trafficking in persons and to respond to any such evidence in a manner that is consistent with the vigorous investigation and prosecution of acts of such trafficking, the protection of human rights of victims, and the internationally recognized human right to leave any location, including one's own country, state, city, and the like. 22 U.S. Code § 7106(b).

66. The Attorney General has a duty to provide training to federal, state, and local law enforcement and government officials regarding the identification and treatment of trafficking victims, using approaches that focus on the needs of the victims. 22 U.S. Code § 7106(b); 34 U.S. Code § 20701.

67. Federal, State, and local authorities have a duty to ensure that trafficking victims are not inappropriately confined or otherwise harmed for unlawful acts as a result of being trafficked. 22 U.S. Code § 7105(c)(1); 22 U.S. Code § 7106(b).

68. Federal, State, and local authorities have a duty to cooperate with other government and non-government entities and agencies in the investigation and prosecution of human trafficking. 22 U.S. Code § 7106(b).

69. Appropriate personnel of the Department of State, including members of the Service (as such term is defined in section 3903 of this title), the Department of Homeland Security, the Department of Health and Human Services, the Department of Labor, the Equal Employment Opportunity Commission, the Department of Justice, and the Judicial branch shall be trained in identifying victims of severe forms of trafficking and providing for the protection of such victims, including juvenile victims. The Attorney General and the Secretary of Health and Human Services, in consultation with the Secretary of Labor, shall provide training to State and local officials to improve the identification and protection of such victims. 22 U.S. Code § 7105(c)(4).

70. The Secretary of Health and Human Services and the Attorney General, in consultation with the Secretary of Labor, shall establish a program to assist United States citizens who are victims of severe forms of trafficking. In determining the assistance that would be most beneficial for such victims, the Secretary and the Attorney General shall consult with nongovernmental organizations that provide services to victims of severe forms of trafficking in the United States. 22 U.S. Code § 7105(f)(1).

71. The Secretary of Health and Human Services, the Secretary of Labor, the Board of Directors of the Legal Services Corporation, the Attorney General, and the heads of other Federal

agencies have a duty to expand benefits and services to victims of severe forms of trafficking in persons in the United States. 22 U.S. Code § 7105(b).

72. The Attorney General shall ensure that each anti-human trafficking program operated by the Department of Justice, including training programs for Federal, State and local law enforcement officers, includes technical training on: (1) effective methods for investigating and prosecuting covered offenders; (2) facilitating the provision of physical and mental health services by health care providers to persons subject to severe forms of trafficking in persons; and (3) how victims of sex or labor trafficking are victims of a crime and affirmative measures should be taken to minimize the trauma or revictimization of such individuals. 34 U.S. Code § 20709.

73. The Secretary of Homeland Security shall issue a directive to all Federal law enforcement officers and relevant personnel employed by the Department of Homeland Security and members of all task forces led by the Department who may be involved in the investigation of human trafficking offenses that includes instructions: (1) on the investigation of individuals who patronize, solicit, or benefit from human trafficking victims as being engaged in severe trafficking in persons and how such individuals should be investigated for their roles in severe trafficking in persons; (2) on how victims of sex or labor trafficking often engage in criminal acts as a direct result of severe trafficking in persons and such individuals are victims of a crime and affirmative measures should be taken to avoid arresting, charging, or prosecuting such individuals for any offense that is the direct result of their victimization; (3) to ensure that the screening process minimizes trauma or revictimization of the person being screened; and (4) guidelines on assisting victims of human trafficking in identifying and receiving restorative services. 6 U.S. Code § 645(b).

74. In any case in which the attorney general of a State has reason to believe that an interest of the residents of that State has been or is threatened by any person who violates section 1591, the attorney general of the State, as parens patriae, may bring a civil action against such person on behalf of the residents of the State in an appropriate district court of the United States to obtain appropriate relief.  18 U.S. Code § 1595(d).

75.


## ANTI-TRUST VIOLATIONS

76. The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of title 15 of the U.S. Code. 15 U.S. Code § 4.

77. The Attorney General, Department of Justice, Assistant Attorney General, and several United States attorneys, within their respective jurisdictions have a duty to institute civil, equitable, and criminal proceedings to investigate, prevent, restrain, remedy, and punish violations of sections 1 to 7 of title 15 of the U.S. Code.  15 U.S. Code § 4.

78. The Federal Trade Commission has a duty to prevent, restrain, and remedy unfair methods of competition, unfair or deceptive acts or practices, and practices which would violate the Sherman Act, Clayton Act, and/ or Robinson-Patman Act.  15 U.S. Code §§ 41 to 58.

    a. The Bureau of Competition

79. The Federal Trade Commission has a duty to investigate, prevent, restrain, and remedy cases involving invitations to collude.  15 U.S. Code §§ 41 to 58.

80. The Federal Trade Commission has a duty to investigate, prevent, restrain, and remedy cases involving facilitating practices where there is no evidence to support a finding of agreement. 15 U.S. Code §§ 41 to 58.

## ORGANIZED CRIME

81. Whenever a number of persons are assembled together in such a manner as to constitute a riot, according to the penal law of the State, it is the duty of every magistrate or peace officer to cause such persons to disperse.   Tex. Crim. Code Proc. art. 8.04.

82. Each sheriff shall quell and suppress all insurrections, unlawful assemblies, assaults, batteries, and affrays.  Tex. Crim. Code Proc. art. 2.17.

83. Each officer of the Texas Rangers shall quell and suppress all insurrections, unlawful assemblies, assaults, batteries, and affrays.  Tex. Gov't Code § 411.022(a); Tex. Crim. Code Proc. art. 2.17.

84. All judges of courts of the State of Texas, by virtue of their office, are conservators of the peace throughout the State.  Tex. Const. art. 5, sec. 12(a).

85. All justices of the Supreme Court, judges of the Court of Criminal Appeals, justices of the Courts of Appeals and judges of the District Courts, shall, by virtue of their offices, be conservators of the peace throughout the State.  Tex. Crim. Code Proc. art. 1.23.

86. It is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all lawful means.  Tex. Crim. Code Proc. art. 2.10.

87. It is the duty of every peace officer to use all lawful means to preserve the peace within the officer's jurisdiction.  Tex. Crim. Code Proc. art. 2.13(a).

88. Each sheriff shall be a conservator of the peace in his county, and shall arrest all offenders against the laws of the State, in his view or hearing, and take them before the proper court for examination or trial.  Tex. Crim. Code Proc. art. 2.17.

89. The Governor shall cause the laws to be faithfully executed.  Tex. Const. art. 4, sec. 10.

90. On application of the chief executive officer or governing body of a county or municipality during an emergency, the governor may proclaim a state of emergency and designate the area

involved. For the purposes of this section an emergency exists in the following situations: (1) a riot or unlawful assembly by three or more persons acting together by use of force or violence; (2) if a clear and present danger of the use of violence exists; or (3) a natural or man-made disaster.  Tex. Gov't Code § 433.001.

91.  After a state of emergency is proclaimed, the governor may issue reasonable directives calculated to control effectively and terminate the emergency and protect life and property. The directive may provide for: (1) control of public and private transportation in the affected area; (2) designation of specific zones in the affected area in which, if necessary, the use and occupancy of buildings and vehicles may be controlled; (3) control of the movement of persons; (4) control of places of amusement or assembly; (5) establishment of curfews; (6) control of the sale, transportation, and use of alcoholic beverages, weapons, and ammunition, except as provided by Section 433.0045; and (7) control of the storage, use, and transportation of explosives or flammable materials considered dangerous to public safety.  Tex. Gov't Code § 433.002.

92.  During a state of emergency, each law enforcement agency in the state shall cooperate in the manner the governor or the governor's designated representative requests and shall allow the use of the agency's equipment and facilities as the governor or the governor's designated representative requires, except that if the agency is not located within the affected area, the use may not substantially interfere with the normal duties of the agency.  A county or municipal law enforcement agency shall notify the director of the Department of Public Safety if the agency receives notice of a threatened or actual disturbance indicating the possibility of serious domestic violence.  Tex. Gov't Code § 433.004.

93. The chief executive officer or governing body of a county or municipality may request the governor to provide state military forces to aid in controlling conditions in the county or municipality that the officer or governing body believes cannot be controlled by the local law enforcement agencies alone. On receiving the request, the governor may order a commander of a unit of the state military forces to appear at a time and place the governor directs to aid the civil authorities. After the forces have appeared at the appointed place, the commanding officer shall obey and execute the general instructions of the civil authorities charged by law with the suppression of riot, the preservation of public peace, and the protection of life and property. The instructions must be in writing, except that if written instructions are impracticable, the instructions may be given verbally in the presence of two or more credible witnesses. The commanding officer shall exercise his discretion as to the proper method of practically accomplishing the instructions. Tex. Gov't Code § 433.005.

94. A County Judge has a duty to use all lawful means to preserve the peace within his jurisdiction. Tex. Const. Art. 5, §. 15.

95. The Attorney General and his deputy attorneys have a duty to institute criminal, civil, and equitable proceedings for violations of the racketeering influenced and corrupt organizations act. 18 U.S. Code § 1964(b).

96. The Attorney General (or the Attorney General's designee), in consultation with the Secretary of the Treasury (or the Secretary's designee), shall develop a national strategy to coordinate gang-related investigations by Federal law enforcement agencies. 34 U.S. Code § 12532.

97. Courts have a duty to prevent and restrain violations of the racketeering influenced and corrupt organizations act. 18 U.S. Code § 1964(a).

98. Federal, State, and local authorities have a duty to cooperate with other government and non-government entities and agencies in the investigation and prosecution of organized crime and acts of terrorism.

99. The Attorney General shall prepare a report on national gang violence outlining the strategy developed under subsection (a) to be submitted to the President and Congress by January 1, 1996. 34 U.S. Code § 12532(c).

100. The Director of the Federal Bureau of Investigation shall acquire and collect information on incidents of gang violence for inclusion in an annual uniform crime report. 34 U.S. Code § 12532(b).


## CYBER-CRIME

101. The Attorney General, the Federal Bureau of Investigations, and the United States Secret Service shall, in addition to any other agency having such authority, investigate fraud and related activity in connection with computers. 18 U.S. Code § 1030(d).

102. The National Computer Forensics Institute has a duty to disseminate information related to the investigation and prevention of cyber and electronic crime and related threats. 6 USC § 383(a).

103. The National Computer Forensics Institute has a duty to educate, train, and equip State, local, Native, and territorial law enforcement officers, prosecutors, and judges with respect to the investigation and prevention of cyber and electronic crime and related threats. 6 USC § 383(a).

104. National Computer Forensics Institute has a duty to educate State, local, Native, and territorial law enforcement officers, prosecutors, and judges on current cyber and electronic crimes and related threats; methods for investigating cyber and electronic crime and related

threats and conducting computer and mobile device forensic examinations; and prosecutorial and judicial challenges related to cyber and electronic crime and related threats, and computer and mobile device forensic examinations.  6 USC § 383(b).

105. National Computer Forensics Institute has a duty to train State, local, Native, and territorial law enforcement officers to conduct cyber and electronic crime and related threat investigations; conduct computer and mobile device forensic examinations; and respond to network intrusion incidents.  6 USC § 383(b).

106. National Computer Forensics Institute has a duty to train State, local, Native, and territorial law enforcement officers, prosecutors, and judges on methods to obtain, process, store, and admit digital evidence in court.  6 USC § 383(b).

107. National Computer Forensics Institute has a duty to:

   a. In carrying out the functions specified in subsection (b), the Institute shall ensure, to the extent practicable, that timely, actionable, and relevant expertise and information related to cyber and electronic crime and related threats is shared with State, local, Native, and territorial law enforcement officers and prosecutors.  6 USC § 383(c).

108. National Computer Forensics Institute has a duty to provide State, local, Native, and territorial law enforcement officers with computer equipment, hardware, software, manuals, and tools necessary to conduct cyber and electronic crime and related threat investigations and computer and mobile device forensic examinations.  6 USC § 383(d).

109. National Computer Forensics Institute has a duty to facilitate the expansion of the network of Electronic Crime Task Forces of the United States Secret Service through the addition of State, local, Native, and territorial law enforcement officers educated and trained at the Institute.  6 USC § 383(e).

110. The Secretary of Homeland Security shall operate a Cyber Crimes Center shall provide investigative assistance, training, and equipment to support domestic and international investigations of cyber-related crimes by the Department of Homeland Security. 6 U.S. Code § 473(a).

111. Within the Cyber Crimes Center, the Secretary shall operate a Computer Forensics Unit, which: shall provide training and technical support in digital forensics and administer the Digital Forensics and Document and Media Exploitation program to Federal, State, local, Native, military, and foreign law enforcement agency personnel engaged in the investigation of crimes within their respective jurisdictions; shall provide computer hardware, software, and forensic licenses for computer forensics personnel of Federal, State, local, Native, military, and foreign law enforcement agencies engaged in the investigation of crimes within their respective jurisdictions; and shall participate in research and development in the area of digital forensics and emerging technologies, in coordination with appropriate components of the Department. 6 U.S. Code § 473(c).

112. Within the Cyber Crimes Center, the Secretary shall operate a Computer Crimes Unit, the duties of which shall include: overseeing the cyber security strategy and cyber-related operations and programs for United States Immigration and Customs Enforcement; enhancing United States Immigration and Customs Enforcement's ability to combat criminal enterprises operating on or through the Internet, with specific focus in the areas of cyber economic crime, digital theft of intellectual property, illicit e-commerce (including hidden marketplaces), Internet-facilitated proliferation of arms and strategic technology, cyber-enabled smuggling and money laundering, Forced labor, and Sexual exploitation of persons; providing training and technical support in cyber investigations to Federal, State, local,

Native, military, and foreign law enforcement agency personnel engaged in the investigation of crimes within their respective jurisdictions; and participating in research and development in the area of cyber investigations, in coordination with appropriate components of the Department. 6 U.S. Code § 473(d).

113. Attorney General has a duty to develop and implement a national strategy to reduce the incidence of cybercrimes against individuals; coordinate investigations of cybercrimes against individuals by Federal law enforcement agencies; and increase the number of Federal prosecutions of cybercrimes against individuals. 34 U.S. Code § 30109(b).

114. Department of Justice and Office of Justice Programs have a duty to assist State and local law enforcement agencies in enforcing State and local criminal laws relating to computer crime, including infringement of copyrighted works over the Internet; fraudulent schemes executed by means of a computer system or network; the unlawful damaging, destroying, altering, deleting, removing of computer software, or data contained in a computer, computer system, computer program, or computer network; and the unlawful interference with the operation of or denial of access to a computer, computer program, computer system, or computer network. 34 U.S. Code § 30101(1).

115. Department of Justice and Office of Justice Programs have a duty to assist State and local law enforcement agencies in educating the public to prevent and identify computer crime, including infringement of copyrighted works over the Internet. 34 U.S. Code § 30101(2).

116. Department of Justice and Office of Justice Programs have a duty to educate and train State and local law enforcement officers and prosecutors to conduct investigations and forensic analyses of evidence and prosecutions of computer crime, including infringement of copyrighted works over the Internet. 34 U.S. Code § 30101(3).

117. Department of Justice and Office of Justice Programs have a duty to assist State and local law enforcement officers and prosecutors in acquiring computer and other equipment to conduct investigations and forensic analysis of evidence of computer crimes. 34 U.S. Code § 30101(4).

118. Department of Justice and Office of Justice Programs have a duty to facilitate and promote the sharing of Federal law enforcement expertise and information about the investigation, analysis, and prosecution of computer crimes with State and local law enforcement officers and prosecutors, including the use of multijurisdictional task forces. 34 U.S. Code § 30101(5).

119. Department of Justice has a duty to develop and implement a program to improve the identification, investigation, and prosecution of white-collar crimes; high-tech crimes including cyber and electronic related threats; economic crimes including financial fraud and mortgage fraud; and Internet-based crimes against children, child pornography, Forced labor, and Sexual exploitation of persons; and a duty to develop and implement a program to providing comprehensive, direct, and practical training and technical assistance to law enforcement officers, investigators, auditors and prosecutors in States and units of local government in such areas. 34 U.S. Code § 10721.

120. Department of Justice has a duty to provide appropriate training on protections for privacy, civil rights, and civil liberties in the conduct of criminal intelligence analysis and cyber and electronic crime and financial crime investigations, including in the development of policies, guidelines, and procedures by State, local, Native, and territorial law enforcement agencies to protect and enhance privacy, civil rights, and civil liberties protections and identify

weaknesses and gaps in the protection of privacy, civil rights, and civil liberties. 34 U.S. Code § 10722(4).

121. Department of Justice has a duty to ensure that training is available for State, local, Native and territorial law enforcement agencies and officers nationwide to support local efforts to identify, prevent, investigate, and prosecute cyber and financial crimes, including those crimes facilitated via computer networks and other electronic means, and crimes involving financial and economic impacts such as intellectual property crimes. 34 U.S. Code § 10722(1).

122. The Attorney General shall establish such regional computer forensic laboratories and provide support to existing computer forensic laboratories in order that all such computer forensic laboratories have the capability: to provide forensic examinations with respect to seized or intercepted computer evidence relating to criminal activity (including cyberterrorism); to provide training and education for Federal, State, and local law enforcement personnel and prosecutors regarding investigations, forensic analyses, and prosecutions of computer-related crime (including cyberterrorism); to assist Federal, State, and local law enforcement in enforcing Federal, State, and local criminal laws relating to computer-related crime; to facilitate and promote the sharing of Federal law enforcement expertise and information about the investigation, analysis, and prosecution of computer-related crime with State and local law enforcement personnel and prosecutors, including the use of multijurisdictional task forces; and to carry out such other activities as the Attorney General considers appropriate. 34 U.S. Code § 30102.

123. Department of Justice--with respect to State and local criminal laws on anti-infringement, anti-counterfeiting, and unlawful acts with respect to goods by reason of their protection by

a patent, trademark, service mark, trade secret, or other intellectual property right under State or Federal law--has a duty to establish and develop programs to: Assist State and local law enforcement agencies in enforcing those laws; Assist State and local law enforcement agencies in educating the public to prevent, deter, and identify violations of those laws; Educate and train State and local law enforcement officers and prosecutors to conduct investigations and forensic analyses of evidence and prosecutions in matters involving those laws; Establish task forces that include personnel from State or local law enforcement entities, or both, exclusively to conduct investigations and forensic analyses of evidence and prosecutions in matters involving those laws; Assist State and local law enforcement officers and prosecutors in acquiring computer and other equipment to conduct investigations and forensic analyses of evidence in matters involving those laws; and facilitate and promote the sharing, with State and local law enforcement officers and prosecutors, of the expertise and information of Federal law enforcement agencies about the investigation, analysis, and prosecution of matters involving those laws and criminal infringement of copyrighted works, including the use of multijurisdictional task forces. 34 U.S. Code § 30103.

124. Attorney General has a duty to ensure that there are at least 10 additional operational agents of the Federal Bureau of Investigation designated to support the Computer Crime and Intellectual Property Section of the Criminal Division of the Department of Justice in the investigation and coordination of intellectual property crimes. 34 U.S. Code § 30104(a).

125. Attorney General has a duty to ensure that all Computer Hacking and Intellectual Property Crime Units located at an office of a United States Attorney are assigned at least 2 Assistant United States Attorneys responsible for investigating and prosecuting computer hacking or intellectual property crimes. 34 U.S. Code § 30104(a).

126. Attorney General has a duty to ensure the implementation of a regular and comprehensive training program the purpose of which is to train agents of the Federal Bureau of Investigation in the investigation and prosecution of such crimes and the enforcement of laws related to intellectual property crimes; and that includes relevant forensic training related to investigating and prosecuting intellectual property crimes. 34 U.S. Code § 30104(a).

127. The Attorney General, through the United States Attorneys' Offices, the Computer Crime and Intellectual Property section, and the Organized Crime and Racketeering section of the Department of Justice, and in consultation with the Federal Bureau of Investigation and other Federal law enforcement agencies, such as the Department of Homeland Security, shall create and implement a comprehensive, long-range plan to investigate, enjoin, prosecute, and punish domestic and international organized crime syndicates engaging in or supporting crimes relating to the theft of intellectual property. 34 U.S. Code § 30104.

128. Department of Justice and Federal Bureau of Investigation duty to investigate, enjoin, prosecute, and punish violations of intellectual property crimes, cybercrimes, and other criminal activity involving computers. 34 U.S. Code § 30105.

129. Duty to have adequate and competent personnel and property to effectively investigate, enjoin, prosecute, and punish violations of intellectual property crimes, cybercrimes, and other criminal activity involving computers. 34 U.S. Code § 30106.

130. The Attorney General has a duty develop and implement a national strategy to: reduce the incidence of cybercrimes against individuals; coordinate investigations of cybercrimes against individuals by Federal law enforcement agencies; increase the number of Federal prosecutions of cybercrimes against individuals; and develop an evaluation process that

measures rates of cybercrime victimization and prosecutorial rates among Native and culturally specific communities. [34 U.S. Code § 30109(b)](#).

131. The Attorney General has a duty to train State, Native, and local law enforcement, emergency dispatch, prosecutors, judges, and judicial personnel relating to cybercrimes against individuals to:

    a. Utilize Federal, State, Native, local, and other resources to assist and protect victims of cybercrimes against individuals;

    b. Identify, investigate, prosecute, and adjudicate cybercrimes against individuals;

    c. Enforce and utilize the laws that prohibit cybercrimes against individuals; and

    d. Utilize technology to assist in the investigation, prosecution, and adjudication of acts of cybercrimes against individuals, including the use of technology to protect victims of such crime. [34 U.S. Code § 30107](#).

132. The Attorney General has a duty to assistance State, Native, and local law enforcement agencies in enforcing laws that prohibit cybercrimes against individuals, including expenses incurred in performing enforcement operations, such as overtime payments. [34 U.S. Code § 30107](#).

133. The Attorney General has a duty to assistance State, Native, and local law enforcement agencies in educating the public in order to prevent, deter, and identify violations of laws that prohibit cybercrimes against individuals. [34 U.S. Code § 30107](#).

134. The Attorney General has a duty to assistance State, Native, and local law enforcement agencies in establishing task forces that operate solely to conduct investigations, forensic analyses of evidence, and prosecutions in matters involving cybercrimes against individuals. [34 U.S. Code § 30107](#).

135. The Attorney General has a duty to assistance State, Native, and local law enforcement agencies and prosecutors in acquiring computers, computer equipment, and other equipment necessary to conduct investigations and forensic analysis of evidence in matters involving cybercrimes against individuals, including expenses incurred in the training, maintenance, or acquisition of technical updates necessary for the use of such equipment for the duration of a reasonable period of use of such equipment. 34 U.S. Code § 30107.

136. The Attorney General has a duty to share with State, Tribal, and local law enforcement agencies and prosecutors the expertise and information of Federal law enforcement agencies about the investigation, analysis, and prosecution of matters involving laws that prohibit cybercrimes against individuals, including the use of multijurisdictional task forces. 34 U.S. Code § 30107.


**ACTS OF TERRORISM**

137. Attorney General, Secretary of Treasury, Secret Service, and any other authorized agency shall have investigative responsibility for all acts of domestic terrorism, which includes federal crimes of terrorism. 18 U.S. Code § 2332b(f).

138. Department of Homeland Security has duty to: (A) prevent terrorist attacks within the United States; (B) reduce the vulnerability of the United States to terrorism; (C) minimize the damage, and assist in the recovery, from terrorist attacks that do occur within the United States; ensure that the overall economic security of the United States is not diminished by efforts, activities, and programs aimed at securing the homeland; (D) ensure that the civil rights and civil liberties of persons are not diminished by efforts, activities, and programs aimed at securing the homeland; and (E) monitor connections between illegal drug trafficking

and terrorism, coordinate efforts to sever such connections, and otherwise contribute to efforts to interdict illegal drug trafficking.  6 U.S. Code § 111.

139. The Federal Government is required by the Constitution to provide for the common defense, which includes terrorist attack.  6 U.S. Code § 481(b)(1).

140. The Federal Government relies on State and local personnel to protect against terrorist attack. 6 U.S. Code § 481(b)(2).

141. The Federal Government collects, creates, manages, and protects classified and sensitive but unclassified information to enhance homeland security.  6 U.S. Code § 481(b)(3).

142. Some homeland security information is needed by the State and local personnel to prevent and prepare for terrorist attack.  6 U.S. Code § 481(b)(4).

143. The needs of State and local personnel to have access to relevant homeland security information to combat terrorism must be reconciled with the need to preserve the protected status of such information and to protect the sources and methods used to acquire such information.  6 U.S. Code § 481(b)(5).

144. Granting security clearances to certain State and local personnel is one way to facilitate the sharing of information regarding specific terrorist threats among Federal, State, and local levels of government.  6 U.S. Code § 481(b)(6).

145. State and local personnel have capabilities and opportunities to gather information on suspicious activities and terrorist threats not possessed by Federal agencies.  6 U.S. Code § 481(b)(8).

146. The Federal Government and State and local governments and agencies in other jurisdictions may benefit from such information.  6 U.S. Code § 481(b)(9).

147. Federal, State, and local governments and intelligence, law enforcement, and other emergency preparation and response agencies must act in partnership to maximize the benefits of information gathering and analysis to prevent and respond to terrorist attacks. 6 U.S. Code § 481(b)(10).

## PUBLIC CORRUPTION

148. The Attorney General and the Federal Bureau of Investigation have a duty to investigate the violation of Federal criminal law involving Government officers and employees 18 U.S. Code § 216(b); 28 U.S. Code § 526; 28 U.S. Code § 535.

149. Any information, allegation, matter, or complaint witnessed, discovered, or received in a department or agency of the Federal Government relating to violations of Federal criminal law involving Government officers and employees shall be expeditiously reported to the Attorney General by the witness, discoverer, recipient, or head of the department or agency. 28 U.S. Code § 535(b).

150. The Attorney General and the Federal Bureau of Investigation may investigate any violation of Federal criminal law involving Government officers and employees: (1) notwithstanding any other provision of law; and (2) without limiting the authority to investigate any matter which is conferred on them or on a department or agency of the Government. 28 U.S. Code § 535(a).

151. The Attorney General may investigate the official acts, records, and accounts of: (1) the United States attorneys, marshals, and trustees, including trustees in cases under title 11; and (2) at the request and on behalf of the Director of the Administrative Office of the United States Courts, the clerks of the United States courts, probation officers, United States magistrate judges, and court reporters. Agents of the Attorney General all the official papers,

records, dockets, and accounts of these officers, without exception, may be examined at any time.  28 U.S. Code § 526.

## PROSECUTORS

152. A prosecutor owes a fiduciary duty to fundamental principles of fairness.  *Duggan v. State*, 778 S.W.2d 465, 468 (Tex. Crim. App. 1989).

153. The prosecutor in a criminal case shall refrain from prosecuting or threatening to prosecute a charge that the prosecutor knows is not supported by probable cause.  Tex. Disciplinary R. Prof'l Conduct 3.09(a).

154. A prosecutor has the responsibility to see that no person is threatened with or subjected to the rigors of a criminal prosecution without good cause.  Tex. Disciplinary R. Prof'l Conduct 3.09 & cmt. 1.

155. A prosecutor has the responsibility to see that justice is done, and not simply to be an advocate.  Tex. Disciplinary R. Prof'l Conduct 3.09 & cmt. 1.

156. It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done.  Tex. Crim. Code Proc. art. 2.01.

157. The prosecutor in a criminal case shall make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense.  Tex. Disciplinary R. Prof'l Conduct 3.09(d).

158. A prosecutor is obliged to see that the defendant is accorded procedural justice, that the defendant's guilt is decided upon the basis of sufficient evidence, and that any punishment or sentence imposed is based on all unprivileged information known to the prosecutor.  Tex. Disciplinary R. Prof'l Conduct 3.09 & cmt. 1.

159. A prosecutor has the responsibility to not initiate or exploit any violation of a suspect's right to counsel, initiate or encourage efforts to obtain waivers of important pre-trial, trial, or post-trial rights from persons.  Tex. Disciplinary R. Prof'l Conduct 3.09 & cmt. 1.

160. It shall be the duty of the attorney representing the State to present by information to the court having jurisdiction, any officer for neglect or failure of any duty enjoined upon such officer whenever it shall come to the knowledge of said attorney that there has been a neglect or failure of duty upon the part of said officer.  Tex. Crim. Code Proc. art. 2.03(a).

161. It shall be the duty of the attorney representing the State to bring notice to the grand jury any act of violation of law or neglect or failure of duty upon the part of any officer whenever the same may come to his knowledge.  Tex. Crim. Code Proc. art. 2.03(a).

162. It shall be the duty of the attorney representing the State to institute proceedings against any officer of county abusing or neglecting duties over public funds.  Tex. Gov't Code § 41.009.

163. Upon complaint being made before a district or county attorney that an offense has been committed within his jurisdiction, the attorney shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.  Tex. Crim. Code Proc. art. 2.04.

164. Upon complaint being made before a district or county attorney that a misdemeanor offense has been committed within his jurisdiction, the attorney shall forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction. Tex. Crim. Code Proc. art. 2.05.

165. Upon complaint being made before a district or county attorney that a felony offense has been committed within his jurisdiction, the attorney shall forthwith file the complaint with a magistrate of the county.   Tex. Crim. Code Proc. art. 2.05.

166. A county attorney's office, district attorney's office, and criminal district attorney's office that investigates the alleged commission of an offense under Chapter 20A or Chapter 43 which may involve human trafficking shall submit to the attorney general specific information relating to the investigation. Tex. Crim. Code Proc. art. 2.305(a)(1) and (b).

167. A prosecutor has a duty to arrest an offender when the offense is committed in his presence or within his view if the offense is one classed as a felony or as an offense against the public peace. Tex. Crim. Code Proc. art. 14.01(a).


## LAWYERS

168. Each new State Bar of Texas licensee is required to take the following oath: "I, _____, do solemnly swear that I will support the Constitutions of the United States, and of this State; that I will honestly demean myself in the practice of law; that I will discharge my duties to my clients to the best of my ability; and, that I will conduct myself with integrity and civility in dealing and communicating with the court and all parties. So help me God."

169. A lawyer is obligated to maintain the highest standards of ethical conduct. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 1.

170. Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of attorney. Tex. Disciplinary R. Prof'l Conduct 8.04, cmt. 4.

171. A lawyer has a duty to conform his conduct to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 4.

172. A lawyer has a duty to use the law's procedures only for legitimate purposes and not to harass or intimidate others. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 4.

173. A lawyer has a duty to challenge the rectitude of official action. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 4.

174. A lawyer has a duty to seek improvement of the law, the administration of justice, and the quality of service rendered by the legal profession. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 5.

175. A lawyer has a duty to cultivate knowledge of the law beyond its use for clients, employ that knowledge in reform of the law, and work to strengthen legal education. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 5.

176. A lawyer has a duty to be mindful of deficiencies in the administration of justice[,] . . . should aid the legal profession in pursuing [its] objectives[,] and should help the bar regulate itself in the public interest. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 5.

177. The legal profession has a responsibility to assure that its regulation is undertaken in the public interest rather than in furtherance of parochial or self-interested concerns of person or groups of persons other than the public at large, and to insist that every lawyer both comply with its minimum disciplinary standards and aid in securing their observance by other lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest which it serves. Tex. Disciplinary R. Prof'l Conduct preamble ⁋ 8.

178. A lawyer shall not make or sponsor a false or misleading communication about the qualifications or services of a lawyer or law firm. Tex. Disciplinary R. Prof'l Conduct 7.01(a).

179. A lawyer shall not violate the Texas Disciplinary Rules of Professional Conduct, whether or not such violation occurred in the course of a client-lawyer relationship. Tex. Disciplinary R. Prof'l Conduct 8.04(a)(1).

180. In the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person. Tex. Disciplinary R. Prof'l Conduct 4.01(a).

181. In the course of representing a client, a lawyer shall not knowingly fail to disclose a material fact to a third person when disclosure is necessary to avoid knowingly assisting a fraudulent act perpetrated by a client or making the lawyer a party to a criminal act. Tex. Disciplinary R. Prof'l Conduct 4.01(b).

182. A lawyer shall not knowingly assist or induce another to violate the Texas Disciplinary Rules of Professional Conduct, whether or not such violation occurred in the course of a client-lawyer relationship. Tex. Disciplinary R. Prof'l Conduct 8.04(a)(1).

183. A lawyer shall not violate the Texas Disciplinary Rules of Professional Conduct through the acts of another, whether or not such violation occurred in the course of a client-lawyer relationship. Tex. Disciplinary R. Prof'l Conduct 8.04(a)(1).

184. A lawyer shall not knowingly assist a judge or judicial officer, directly or indirectly, in conduct that is a violation of applicable rules of judicial conduct, the Texas Disciplinary Rules of Professional Conduct, or other law, whether or not such violation occurred in the course of a client-lawyer relationship. Tex. Disciplinary R. Prof'l Conduct 8.04(a)(6); Tex. Code Jud. Conduct, Canon 6H.

185. A lawyer shall not violate any other laws of this state relating to the professional conduct of lawyers and to the practice of law, whether or not such violation occurred in the course of a client-lawyer relationship. Tex. Disciplinary R. Prof'l Conduct 8.04(a)(12).

186. A lawyer shall not engage in conduct that constitutes barratry as defined by the law of this state[, whether or not such violation occurred in the course of a client-lawyer relationship]. Tex. Disciplinary R. Prof'l Conduct 8.04(a)(9).

187. A lawyer shall not engage in conduct constituting obstruction of justice[, whether or not such violation occurred in the course of a client-lawyer relationship].  Tex. Disciplinary R. Prof'l Conduct 8.04(a)(4).

188. A lawyer shall not commit a serious crime or commit any other criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[, whether or not such violation occurred in the course of a client-lawyer relationship.]  Tex. Disciplinary R. Prof'l Conduct 8.04(a)(2).

189. A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation[, whether or not such violation occurred in the course of a client-lawyer relationship].  Tex. Disciplinary R. Prof'l Conduct 8.04(a)(3).

190. A lawyer shall not state or imply an ability to influence improperly a government agency or official[, whether or not such violation occurred in the course of a client-lawyer relationship].  Tex. Disciplinary R. Prof'l Conduct 8.04(a)(5).

191. A lawyer having knowledge that another lawyer has committed a violation of applicable rules of professional conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate disciplinary authority.  Tex. Disciplinary R. Prof'l Conduct 8.03(a).

192. A lawyer having knowledge that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.  Tex. Disciplinary R. Prof'l Conduct 8.03(b).

193. A lawyer having knowledge or suspecting that another lawyer or judge whose conduct the lawyer is required to report pursuant to paragraphs (a) or (b) of this Rule is impaired by mental illness or by chemical dependency on alcohol or drugs may report that person to an

approved peer assistance program rather than to an appropriate disciplinary authority. Tex. Disciplinary R. Prof'l Conduct 8.03(c).

   a. Schizophrenia and/or other psychotic disorders, bi-polar disorder, paranoid personality disorder, antisocial personality disorder or borderline personality disorder. 22 Tex. Admin. Code § 213.29(b)(2).

194. A lawyer has a heightened obligation to report a violation of the rules of professional conduct or canons of judicial conduct has occurred where the victim is unlikely to discover the offense absent such a report or the offense is one that a self-regulating profession must vigorously endeavor to prevent. Tex. Disciplinary R. Prof'l Conduct 8.03 & cmts. 2 and 4.

195. In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person. Tex. Disciplinary R. Prof'l Conduct 4.04(a).

196. A lawyer shall not present, participate in presenting, or threaten to present criminal or disciplinary charges solely to gain an advantage in a civil matter. Tex. Disciplinary R. Prof'l Conduct 4.04(b).

197. A lawyer shall not present, participate in presenting, or threaten to present civil, criminal or disciplinary charges against a complainant, a witness, or a potential witness in a bar disciplinary proceeding solely to prevent participation by the complainant, witness or potential witness therein. Tex. Disciplinary R. Prof'l Conduct 4.04(b).

198. A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous. Tex. Disciplinary R. Prof'l Conduct 3.01.

199. A lawyer has a duty to apply the obligation to not raise frivolous or knowingly false claims with every other applicable rule of practice or procedure of equal or greater application, e.g. barratry laws, Tex. R. Civ. P. 13; Tex. R. Civ. P. 166a(h); Fed. R. Civ. P. 11; Tex. Code Crim. Proc. art. 1.052; Tex. Penal Code § 32.21; Tex. Penal Code § 32.48; Tex. Penal Code § 37.10; Tex. Penal Code § 37.03; Tex. Penal Code § 16.01; Tex. Penal Code § 37.09; Tex. Penal Code § 37.11(a); Tex. Civ. Prac. & Rem. Code § 12.002; and Tex. Code Jud. Conduct, Canon 2A. Tex. Disciplinary R. Prof'l Conduct 3.01 & cmt. 4.

200. A lawyer shall not take a position that unreasonably increases the costs or other burdens of the case in the course of litigation. Tex. Disciplinary R. Prof'l Conduct 3.02.

201. A lawyer shall not take a position that unreasonably delays resolution of the matter in the course of litigation. Tex. Disciplinary R. Prof'l Conduct 3.02.

202. A lawyer shall not willfully, in connection with an adjudicatory proceeding, manifest, by words or conduct, bias or prejudice based on race, color, national origin, religion, disability, age, sex, or sexual orientation towards any person involved in that proceeding in any capacity. Tex. Disciplinary R. Prof'l Conduct 5.08(a).

203. A lawyer shall not neglect a legal matter entrusted to the lawyer in representing a client. Tex. Disciplinary R. Prof'l Conduct 1.01(b)(1).

204. A lawyer shall not frequently fail to carry out completely the obligations that the lawyer owes to a client or clients in representing a client. Tex. Disciplinary R. Prof'l Conduct 1.01(b)(2).

205. A lawyer shall abide by a client's decisions concerning the objectives and general methods of representation. Tex. Disciplinary R. Prof'l Conduct 1.02(a)(1).

206. A lawyer shall abide by a clients decisions, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and whether the client will testify in a criminal case. Tex. Disciplinary R. Prof'l Conduct 1.02(a)(3).

207. A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent. Tex. Disciplinary R. Prof'l Conduct 1.02(c).

208. A lawyer shall not knowingly make a false statement of material fact or law to a tribunal. Tex. Disciplinary R. Prof'l Conduct 3.03(a).

209. A lawyer shall not knowingly fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act. Tex. Disciplinary R. Prof'l Conduct 3.03(a).

210. A lawyer shall not knowingly in an ex parte proceeding, fail to disclose to the tribunal an unprivileged fact which the lawyer reasonably believes should be known by that entity for it to make an informed decision. Tex. Disciplinary R. Prof'l Conduct 3.03(a).

211. A lawyer shall not knowingly fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel. Tex. Disciplinary R. Prof'l Conduct 3.03(a).

212. A lawyer shall not knowingly offer or use evidence that the lawyer knows to be false. Tex. Disciplinary R. Prof'l Conduct 3.03(a).

213. A lawyer shall not unlawfully obstruct another party's access to evidence or counsel or assist another person to do any such act. Tex. Disciplinary R. Prof'l Conduct 3.04(a).

214. A lawyer shall not in anticipation of a dispute unlawfully alter, destroy or conceal a document or other material that a competent lawyer would believe has potential or actual evidentiary value or counsel or assist another person to do any such act. Tex. Disciplinary R. Prof'l Conduct 3.04(a).

215. A lawyer shall not falsify evidence, counsel or assist a witness to testify falsely, or pay, offer to pay, or acquiesce in the offer or payment of compensation to a witness or other entity contingent upon the content of the testimony of the witness or the outcome of the case. Tex. Disciplinary R. Prof'l Conduct 3.04(b).

216. A lawyer shall not in representing a client before a tribunal habitually violate an established rule of procedure or of evidence. Tex. Disciplinary R. Prof'l Conduct 3.04(c).

217. A lawyer shall not in representing a client before a tribunal state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused, except that a lawyer may argue on his analysis of the evidence and other permissible considerations for any position or conclusion with respect to the matters stated herein. Tex. Disciplinary R. Prof'l Conduct 3.04(c).

218. A lawyer shall not in representing a client before a tribunal engage in conduct intended to disrupt the proceedings. Tex. Disciplinary R. Prof'l Conduct 3.04(c).

219. A lawyer shall not seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure. Tex. Disciplinary R. Prof'l Conduct 3.05(a).

220. A supervising lawyer has a duty to not order, encourage, or knowingly permit a supervised lawyer and/ or non-lawyer's violation of the rules of professional conduct. Tex. Disciplinary R. Prof'l Conduct 5.01(a) and 5.03(b).

221. A lawyer who is the general counsel of a government agency's legal department or who has direct supervisory authority over a lawyer and/ or non-lawyer acting in violation of the rules of professional conduct and with knowledge of the other lawyer and/ or non-lawyer's violation(s) has a duty to take reasonable remedial action to avoid or mitigate the

consequences of the other lawyer and/ or non-lawyer's violation(s). Tex. Disciplinary R. Prof'l Conduct 5.01(b) and 5.03(b).

222. A lawyer having direct supervisory authority over a non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer. Tex. Disciplinary R. Prof'l Conduct 5.03(a).

223. A lawyer shall not knowingly reveal confidential information of a client or a former client to anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm. Tex. Disciplinary R. Prof'l Conduct 1.05(b)(1)(ii).

224. A lawyer shall not knowingly use confidential information of a client to the disadvantage of the client unless the client consents after consultations. Tex. Disciplinary R. Prof'l Conduct 1.05(b)(2).

225. A lawyer representing a client before a legislative or administrative body in a non-adjudicative proceeding shall disclose that the appearance is in a representative capacity and shall conform to the provisions of Rules 3.04(a) through (d), 3.05(a), and 4.01. Tex. Disciplinary R. Prof'l Conduct 3.10.

226. A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Tex. Disciplinary R. Prof'l Conduct 1.03(a).

227. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Tex. Disciplinary R. Prof'l Conduct 1.03(b).

228. A lawyer shall not represent a person if the representation of that person involves a substantially related matter in which that person's interests are materially and directly adverse

to the interests of another client of the lawyer or the lawyers firm. Tex. Disciplinary R. Prof'l Conduct 1.06(b)(1).

229. A lawyer shall not represent a person if the representation of that person reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests. Tex. Disciplinary R. Prof'l Conduct 1.06(b)(2).

230. If a lawyer has accepted representation presenting a conflict of interest, the lawyer shall promptly withdraw from one or more representations to the extent necessary for any remaining representation not to be in violation of these Rules. Tex. Disciplinary R. Prof'l Conduct 1.06(e).

231. If a lawyer would be prohibited from engaging in particular conduct due to a conflict of interest, every other lawyer while a member or associated with that lawyer's firm has a duty to not engage in the conduct giving rise to a conflict of interest. Tex. Disciplinary R. Prof'l Conduct 1.06(f).

232. Complete records of funds and other property belonging in whole or in part to clients or third persons that are in a lawyer's possession in connection with a representation shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation. Tex. Disciplinary R. Prof'l Conduct 1.14(a).

233. A lawyer, in order to solicit professional employment, shall not pay, give, advance, or offer to pay, give, or advance anything of value, other than actual litigation expenses and other financial assistance as permitted by Rule 1.08(d), to a prospective client or any other person. Tex. Disciplinary R. Prof'l Conduct 7.03(c).

234. A lawyer shall not send, deliver, or transmit, or knowingly permit or cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence.  Tex. Disciplinary R. Prof'l Conduct 7.03(c).

235. A lawyer shall not pay, give, or offer to pay or give anything of value to a person not licensed to practice law for soliciting prospective clients for, or referring clients or prospective clients to, any lawyer or firm.  Tex. Disciplinary R. Prof'l Conduct 7.03(b).


## JUDGES

236. The chief judge of the district court shall be responsible for the observance of the rules and orders of the Court, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.  28 U.S. Code § 137(a).

237. Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States. So help me God."  28 U.S. Code § 453.

238. All elected and appointed officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation: "I,_____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."  Tex. Const. art. 16, § 1.

239. No judge shall sit in any case wherein the judge may be interested. Tex. Const. art. 5, § 11.

240. Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  28 U.S. Code § 455(a).

241. A judge may not designate a magistrate judge to hear or determine a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action.  28 U.S. Code § 636.

242. All judges of courts of the State of Texas, by virtue of their office, are conservators of the peace throughout the State.  Tex. Const. art. 5, § 12(a).

243. A judge shall faithfully execute the duties of the office and—to the best of his/ her ability— preserve, protect, and defend the Constitution and laws of the United States and of this State. Tex. Const. art. 16, § 1.

244. While judges may exercise wide discretion, judges must follow the law, as dictated by the constitution and statutes, and are given no discretion in complying with constitutional and procedural requirements or mandatory canons of judicial conduct.  *In re Jones*, 55 S. W.3d 243 (Tex. Spec. Ct. Rev. 2000).  The law would be chaos unless all judges, including justices of the peace, follow the law including its procedures. The procedures that exist are designed to safeguard the parties' rights and let the public know what to expect. There is a reason for them and they are mandated by legislative enactments.  *In re Jones*, 55 S.W.3d 243, 249 (Tex. Spec. Ct. Rev 2000).  Judges must follow the law, as dictated by the statute. Whether an alternative, but unauthorized method, could also be used to accomplish the same end is not relevant. Judges are given no discretion in complying with procedural requirements.  *Id*.  The

requirement of Canon 2 A that "a judge shall comply with the law" is "plain, obvious, ... couched in mandatory terms" and is not aspirational. *Id*. At 247.

245. A judge must remain a neutral arbiter to protect the public's confidence in the integrity and impartiality of the court. *In re Barr*, 13 S.W.3d at 556-57.

246. A court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done. Tex. Gov't Code § 21.001(b).

247. A judge has an independent duty to inform herself of the law and to act knowledgeably and within the confines of the law, even though a trial judge may reasonably rely on court personnel for information affecting the due course of proceedings. See Tex. Code Jud. Conduct, Canon 2A ("A judge shall comply with the law[.]"); *In re Barr*, 13 S.W.3d at 556-57. It is incumbent on a trial judge to determine the scope of her lawful authority before exercising it. See Tex. Code Jud. Conduct, Canon 2A.

248. It is the duty of every magistrate to issue all process intended to aid in preventing and suppressing crime. Tex. Crim. Code Proc. art. 2.10.

249. It is the duty of every magistrate to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment. Tex. Crim. Code Proc. art. 2.10.

250. It is the duty of every magistrate, when he may have heard, in any manner, that a threat has been made by one person to do some injury to the person or property of another immediately to give notice to some peace officer, in order that such peace officer may use lawful means to prevent the injury. Tex. Crim. Code Proc. art. 6.01.

251. Whenever, in the presence or within the observation of a magistrate, an attempt is made by one person to inflict an injury upon the person or property of another it is his duty to use all lawful means to prevent the injury. Tex. Crim. Code Proc. art. 6.03.

252. Whenever a magistrate is informed upon oath that an offense is about to be committed against the person or property of the informant or of another, or that any person has threatened to commit an offense, the magistrate shall immediately issue a warrant for the arrest of the accused. Tex. Crim. Code Proc. art. 7.01.

253. A magistrate has a duty to arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace, or he may verbally order a peace officer to arrest the offender.. Tex. Crim. Code Proc. art. 14.01(a) and 14.02.

254. A judge has a duty to participate in establishing, maintaining, personally observing, and enforcing high standards of conduct so that the integrity and independence of the judiciary is preserved. Tex. Code Jud. Conduct, Canon 1.

255. A judge shall comply with the law. Tex. Code Jud. Conduct, Canon 2A.

256. A judge should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Tex. Code Jud. Conduct, Canon 2A.

257. A judge shall not allow any relationship to influence judicial conduct or judgment. Tex. Code Jud. Conduct, Canon 2B.

258. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others. Tex. Code Jud. Conduct, Canon 2B.

259. A judge shall not convey or permit others to convey the impression that they are in a special position to influence the judge. Tex. Code Jud. Conduct, Canon 2B.

260. A judge shall not knowingly hold membership in any organization that practices discrimination prohibited by law. Tex. Code Jud. Conduct, Canon 2C.

261. A judge shall give his/ her judicial duties precedence over all the judge's other activities. Judicial duties include all the duties of the judge's office prescribed by law. Tex. Code Jud. Conduct, Canon 3A.

262. A judge shall hear and decide matters assigned to the judge except those in which disqualification is required or recusal is appropriate. Tex. Code Jud. Conduct, Canon 3B(1).

263. A judge should be faithful to the law. Tex. Code Jud. Conduct, Canon 3B(2).

264. A judge shall maintain professional competence in the law. Tex. Code Jud. Conduct, Canon 3B(2).

265. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism. Tex. Code Jud. Conduct, Canon 3B(2).

266. A judge shall require order and decorum in proceedings before the judge. Tex. Code Jud. Conduct, Canon 3B(3).

267. A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity, and should require similar conduct of lawyers, and of staff, court officials and others subject to the judge's direction and control. Tex. Code Jud. Conduct, Canon 3B(4).

268. A judge shall perform judicial duties without bias or prejudice. Tex. Code Jud. Conduct, Canon 3B(5).

269. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status, and shall not

knowingly permit staff, court officials and others subject to the judge's direction and control to do so.  Tex. Code Jud. Conduct, Canon 3B(6).

270. A judge shall require lawyers in proceedings before the court to refrain from manifesting, by words or conduct, bias or prejudice based on race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status against parties, witnesses, counsel or others. This requirement does not preclude legitimate advocacy when any of these factors is an issue in the proceeding.  Tex. Code Jud. Conduct, Canon 3B(7).

271. A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law, and shall require compliance herewith this subsection by court personnel subject to the judge's direction and control.  Tex. Code Jud. Conduct, Canon 3B(8).

272. A judge shall not initiate, permit, or consider ex parte communications or other communications made to the judge outside the presence of the parties between the judge and a party, an attorney, a guardian or attorney ad litem, an alternative dispute resolution neutral, or any other court appointee concerning the merits of a pending or impending judicial proceeding, and shall require compliance herewith this subsection by court personnel subject to the judge's direction and control.  Tex. Code Jud. Conduct, Canon 3B(8).

273. A judge should dispose of all judicial matters promptly, efficiently and fairly.  Tex. Code Jud. Conduct, Canon 3B(9).

274. A judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information acquired in a judicial capacity.  Tex. Code Jud. Conduct, Canon 3B(11).

275. A judge should diligently and promptly discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration,

and should cooperate with other judges and court officials in the administration of court business.  Tex. Code Jud. Conduct, Canon 3C(1).

276. A judge should require staff, court officials and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties.  Tex. Code Jud. Conduct, Canon 3C(2).

277. A judge with supervisory authority for the judicial performance of other judges should take reasonable measures to assure the prompt disposition of matters before them and the proper performance of their other judicial responsibilities.  Tex. Code Jud. Conduct, Canon 3C(3).

278. A judge shall not make unnecessary appointments.  Tex. Code Jud. Conduct, Canon 3C(4).

279. A judge shall exercise the power of appointment impartially and on the basis of merit.  Tex. Code Jud. Conduct, Canon 3C(4).

280. A judge shall not approve compensation of appointees beyond the fair value of services rendered.  Tex. Code Jud. Conduct, Canon 3C(4).

281. A judge who receives information clearly establishing that another judge has committed a violation of the Code of Judicial Conduct should take appropriate action.  Tex. Code Jud. Conduct, Canon 3D(1).

282. A judge having knowledge that another judge has committed a violation of the Code of Judicial Conduct that raises a substantial question as to the other judge's fitness for office shall inform the State Commission on Judicial Conduct or take other appropriate action.  Tex. Code Jud. Conduct, Canon 3D(1).

283. A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action. Tex. Code Jud. Conduct, Canon 3D(2).

284. A judge having knowledge that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall inform the Office of the General Counsel of the State Bar of Texas or take other appropriate action. Tex. Code Jud. Conduct, Canon 3D(2).

285. A judge shall conduct all of the judge's extra- judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as a judge. Tex. Code Jud. Conduct, Canon 4A(1).

286. A judge shall conduct all of the judge's extra- judicial activities so that they do not interfere with the proper performance of judicial duties. Tex. Code Jud. Conduct, Canon 4A(2).

287. A judge shall refrain from financial and business dealings that tend to reflect adversely on the judge's impartiality. Tex. Code Jud. Conduct, Canon 4D(1).

288. A judge shall refrain from financial and business dealings that tend to interfere with the proper performance of the judicial duties. Tex. Code Jud. Conduct, Canon 4D(1).

289. A judge shall refrain from financial and business dealings that tend to exploit his or her judicial position. Tex. Code Jud. Conduct, Canon 4D(1).

290. A judge shall refrain from financial and business dealings that tend to involve the judge in frequent transactions with lawyers or persons likely to come before the court on which the judge serves. Tex. Code Jud. Conduct, Canon 4D(1).

291. Neither a judge nor a family member residing in the judge's household shall accept a gift, bequest, favor, or loan from anyone except as authorized by law.  Tex. Code Jud. Conduct, Canon 4D(4).

292. Neither a judge nor a family member residing in the judge's household shall accept a gift, bequest, favor, or loan from anyone if the donor is a party or person whose interests have come or are likely to come before the judge.  Tex. Code Jud. Conduct, Canon 4D(4)(c).

293. Neither a judge nor a family member residing in the judge's household shall accept a benefit from anyone if the benefit could reasonably be perceived as intended to influence the judge in the performance of judicial duties.  Tex. Code Jud. Conduct, Canon 4D(4)(d).

294. A judge shall file financial and other reports as required by law.  Tex. Code Jud. Conduct, Canon 4I(2).

295. A judge or judicial candidate subject to the Judicial Campaign Fairness Act, Tex. Elec. Code §253.151, et seq. (the "Act"), shall not knowingly commit an act for which he or she knows the Act imposes a penalty.  Tex. Code Jud. Conduct, Canon 5(4).


## COURT CLERKS

296. Each clerk of court and his deputies shall take the following oath or affirmation before entering upon their duties: "I, _____, having been appointed _____, do solemnly swear (or affirm) that I will truly and faithfully enter and record all orders, decrees, judgments and proceedings of such court, and will faithfully and impartially discharge all other duties of my office according to the best of my abilities and understanding. So help me God."  28 U.S. Code § 951.

297. If a clerk of the supreme court, clerk of the court of criminal appeals, clerk of a court of appeals, district clerk, county clerk, district and county clerk, or municipal clerk has a reasonable basis to believe in good faith that a document or instrument previously filed, recorded, or offered or submitted for filing or for filing and recording is fraudulent, the clerk shall, if the document is a purported judgment or other document purporting to memorialize or evidence an act, an order, a directive, or process of a purported court, provide written notice of the filing, recording, or submission for filing or for filing and recording to the stated or last known address of the person against whom the purported judgment, act, order, directive, or process is rendered not later than the second business day either after the date that the document or instrument is offered or submitted for filing or for filing and recording or after the date that the clerk becomes aware that the document or instrument may be fraudulent if the document or instrument has been previously filed or recorded. Tex. Gov't Code § 51.901(1).

298. If a clerk of the supreme court, clerk of the court of criminal appeals, clerk of a court of appeals, district clerk, county clerk, district and county clerk, or municipal clerk has a reasonable basis to believe in good faith that a document or instrument previously filed, recorded, or offered or submitted for filing or for filing and recording is fraudulent, the clerk shall, if the document or instrument purports to create a lien or assert a claim on real or personal property or an interest in real or personal property, provide written notice of the filing, recording, or submission for filing or for filing and recording to the stated or last known address of the person named in the document or instrument as the obligor or debtor and to any person named as owning any interest in the real or personal property described in the document or instrument not later than the second business day either after the date that the

document or instrument is offered or submitted for filing or for filing and recording or after the date that the clerk becomes aware that the document or instrument may be fraudulent if the document or instrument has been previously filed or recorded. Tex. Gov't Code § 51.901(1).

299. As soon as possible but not later than 24 hours after the time an application for a protective order is filed, the clerk of the court shall enter a copy of the application into the protective order registry. Tex. Gov't Code § 72.156(a).

300. The clerk of the court shall record, exactly, without delay, and in the manner provided by Subtitle B, Title 6, Texas Local Government Code the contents of each instrument that is filed for recording and that clerk is authorized to record. Tex. Loc. Gov't Code § 191.001(c).

301. In a criminal proceeding, a clerk of the district or county court shall: (1) receive and file all papers; (2) receive all exhibits at the conclusion of the proceeding; (3) issue all process; (4) accept and file electronic documents received from the defendant, if the clerk accepts electronic documents from an attorney representing the state; (5) accept and file digital multimedia evidence received from the defendant, if the clerk accepts digital multimedia evidence from an attorney representing the state; and (6) perform all other duties imposed on the clerk by law. Tex. Crim. Code Proc. art. 2.21.

302. The clerk of the court shall keep the records properly indexed and arranged as provided by Subtitle B, Title 6, Texas Local Government Code. Tex. Loc. Gov't Code § 191.001(d).

303. The clerk of the court shall record instruments filed for recording in the order that they are filed. The clerk shall record each instrument with any acknowledgment, proof, affidavit, or certificate that is attached to it. Tex. Loc. Gov't Code § 193.001(a).

304. The clerk of the court shall note at the foot of the record the date and time that the instrument was filed for recording, but if the instrument was recorded electronically the clerk may note on the first page of the instrument the recording information, including the date and time. Tex. Loc. Gov't Code § 193.001(b).

305. If an instrument that is filed for recording is acknowledged or proved in the manner prescribed by law for record, the clerk of the court shall make a record of the names of the parties to the instrument in alphabetical order, the date of the instrument, the nature of the instrument, and the time that the instrument was filed. If required, the clerk shall give the person who files the instrument a receipt stating this information. Tex. Loc. Gov't Code § 193.001(c).

306. The clerk of the court shall certify under the clerk's signature and seal of office the date and time that the instrument is recorded and the specific location in the records at which the instrument is recorded. Tex. Loc. Gov't Code § 193.001(d).

307. Each county court shall be provided with a seal that has a star with five points engraved in the center. The seal must also have "County Court of _____ County, Texas" engraved on it. Tex. Gov't Code § 26.005(a).

308. The seal of each statutory county court is the same as that provided by law for a county court except that the seal must contain the name of the statutory county court as it appears in chapter 25, Texas Government Code. Tex. Gov't Code § 25.0011(a). For example, in Harris County, the seal of a statutory county court has engraved in the center a star with five points and contain, "County Civil Court at Law No. ___ of Harris County" for county civil courts, "County Criminal Court at Law No. ___ of Harris County" for county criminal courts, and

"Probate Court No. ___ of Harris County, Texas" for probate courts.  Tex. Gov't Code § 25.1031.

309.  Each district clerk shall be provided with a seal for the district court.  The seal must have a five-pointed star and must be engraved with the words "District Court of _____ County, Texas."

310.  The county court shall impress the seal on all process other than subpoenas issued out of the court and shall be used to authenticate the official acts of the county clerk and county judge.  Tex. Gov't Code § 26.005(b).

311.  The district court shall impress the seal on all process issued by the court except subpoenas and shall be kept and used by the clerk to authenticate official acts.  Tex. Gov't Code § 51.301(d).

312.