UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM EBRAHIMI, *et al.* | § § § § | |
| vs. | § | CIVIL ACTION NO. <u>3:23-CV-00273</u> |
| | § § § | |
| MYKILL FIELDS, *et al.* | § § | |

## NOTICE TO CEASE AND DESIST

This notice is being delivered because you, or the entity you represent, are engaging in illegal and/ or abusive activity against Plaintiff and/ or members of his family (henceforth referred to as "Protected Persons"). This is the only notification that you will receive.

You, or the entity you represent, and all officers, agents, servants, employees, attorneys, and persons acting in concert with therewith are asked to immediately cease the following activity:

1. Committing an act that is intended to result in physical harm, bodily injury, or assault or that is a threat that reasonably places the above protected persons in fear of imminent physical harm, bodily injury, or assault;
2. Engaging in conduct, directly or indirectly, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the above protected persons, which includes following said persons;
3. Going within 200 ("two hundred") yards of the residence, place of employment or business, or child-care facility or school of the above protected persons, unless given express written permission by the protected person;
4. Directing, soliciting, or encouraging any other person(s) to within 200 ("two hundred") yards of the residence or place of employment or business of the above protected persons without the express written permission of the protected person;
5. Going within 200 ("two hundred") yards of a protected persons without the express written permission of the protected person, except for the purpose of attending court hearings;
6. Directing, soliciting, or encouraging any other person(s) to go within 200 ("two hundred") yards of a protected persons without the express written permission of the protected person, except for the purpose of attending court hearings;

7. Altering, destroying, or erasing any internet content, servers, storage mediums, or websites that contain the name; date of birth; unique biometric data, including the person's fingerprint, voice print, and retina or iris image; unique electronic identification number, address, routing code, and financial institution account number; telecommunication identifying information or access device; social security number and other government-issued identification number; home address; home phone number; mobile phone number; email address; home fax number; passwords relating to any of the aforementioned; protected health information; information that is subject to the attorney-client privilege; information that is subject to the accountant-client privilege; trade secrets; confidential and/ or private information the disclosure or use of which has economic value; intimate visual material; and/ or any information to which the public does not generally have access of the above protected persons, except to make the aforementioned information inaccessible by anyone who has not received the express written consent after the issuance of this order of the above protected persons;
8. Withdrawing, transferring, removing, dissipating, or disposing of any property used to conduct or facilitate, derived from, or the proceeds obtained from racketeering activity, unlawful activity, specified unlawful criminal activity and/ or a criminal offense, or property of equivalent value;
9. Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of property belonging to the above protected persons, including property which the above protected persons have a superior legal right in or to;
10. Misrepresenting or refusing to disclose to the above protected persons, his/ her agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in concert or participation with him/ her, or to the Court, the existence, amount, or location of any tangible, intangible, or intellectual property which the above protected persons have or may have an actionable right of claim to or in, that Defendant, its agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in concert or participation therewith have knowledge of or reasonably should have knowledge of;
11. Damaging, destroying, tampering with, promoting without legal right or authorization, leveraging as collateral, or reducing the value of any tangible, intangible, and/ or intellectual property belong to the above protected persons;
12. Selling, transferring, assigning, mortgaging, encumbering, and/ or in any other manner alienating any property whether tangible, intangible, monetary, or intellectual belonging to the above protected persons;

13. Making withdrawals from or charges to any financial, monetary, stock, retirement, employee benefit, and/ or other institutional account belonging to the above protected persons;
14. Using any password, personal identification number, and/ or information relating to any access device of the above protected persons;
15. Excluding or in any way interfering with the above protected persons from the quiet use and enjoyment of the property to which they have a reasonable expectation of privacy, which is not limited to residence(s), dwelling(s), vehicle(s), mobile device(s), and computing device(s);
16. Interfering with the personal, professional, and/ or social relations of the above protected persons;
17. Harming the personal and/ or business reputation of the above protected persons;
18. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of state or federal trafficking laws;
19. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 1, Title 15 of the United States Code, extending to include § 6821;
20. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 13, Title 18 of the United States Code;
21. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 31, Title 18 of the United States Code;
22. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 41, Title 18 of the United States Code;
23. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 47, Title 18 of the United States Code;
24. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 55, Title 18 of the United States Code;
25. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 63, Title 18 of the United States Code;
26. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 71, Title 18 of the United States Code;
27. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 73, Title 18 of the United States Code;
28. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 21, Title 42 of the United States Code;

29. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 5, Title 47 of the United States Code;
30. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 113B, Title 18 of the United States Code;
31. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 115, Title 18 of the United States Code;
32. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Chapter 23, Title 50 of the United States Code;
33. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Subchapter A, Chapter 557 of the Texas Government Code;
34. Engaging in conduct affecting directly or indirectly any of the above protected persons that would constitute a violation of Texas Penal Code §§ 16.01, 21.15, 21.16, 21.19, 22.02, 22.05, 22.07, 31.03, 31.04, 31.05, 32.21, 32.22, 32.42, 32.44, 32.48, 33.02, 33.022, 33.023, 33.024, 33A.02, 33A.03, 33A.04, 33A.05, 36.02, 36.03, 36.04, 37.02, 37.03, 37.08, 37.09, 37.10, 37.11, 37.13, 38.05, 38.12, 39.02, 39.03, 39.06, 42.02, 42.06, 42.072, 71.02, 71.022, and/ or 71.023; and
35. Failing to act in accordance with clearly established law.

Respectfully
As Always,

_____
**SHAMIM EBRAHIMI**
SBN. 24072907
5335 BENT TREE FOREST DR.
#271
DALLAS, TX 75248
(469) 536-9597 / O
(469) 962-2219 / F
SE.LPSE29@gmail.com / E
**PRO SE PLAINTIFF ATTORNEY**