IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAMIM EBRAHIMI, ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MYKILL FIELDS, et al., ) <br>         Defendants. ) | No. 3:23-CV-0273-K (BH) <br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this case should be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).

## I.  BACKGROUND

Shamim Ebrahimi (Plaintiff), a Texas lawyer representing himself, instituted these proceedings by filing *Plaintiff's Original Complaint and Demand for Jury Trial* against Mykill Fields and 1,844 other individual, corporate, and government defendants on February 8, 2023. (*See* doc. 1 at 16-211.)[2] On March 11, 2023, he filed *Plaintiff's First Amended Complaint and Demand for Jury Trial*, naming 2548 defendants, including a wide array of companies such as Amazon, Domino's Pizza, and Dollar Shave Club; governmental entities such as the State of Texas, the State Bar of Texas, and the Dallas Police Department; and politicians, judges, and celebrities such as Jennifer Aniston, Jake Gyllenhaal, Gal Gadot, President Joe Biden, Ted Cruz, Nancy Pelosi, United States District Judge Barbara M. G. Lynn, and Chief Justice Nathan Hecht of the Supreme Court of Texas (collectively, Defendants). (*See* docs. 7-1, 7-2, 7-3, 7-4.)

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff claims that his causes of action are "extensive" but "generally rooted in RICO violations including severe forms of trafficking in persons, sex trafficking, kidnapping, obstructions of justice, wire fraud, honest services fraud, bribery, theft, and money laundering; civil rights violations; anti-trust violations; fraud; negligence; intentional infliction of emotional distress; barratry; unlawful use of zombies/botnets; unlawful interception, use, and disclosure of communications; and nuisance activity under Federal and/or State law as applicable." (*See* doc. 7-1 at 1.) He alleges that Defendants conspired to engage in illegal conduct against him, infringed on his rights, and subjected to him to "no less than 5,000 known actionable events," including but not limited to:

> Constant electronic and visual surveillance…; subjecting Plaintiff to sex trafficking;…misappropriating Plaintiff's assets and property; subjecting Plaintiff to wrongful criminal prosecution…two wrongful evictions…a wrongful attorney grievance…; causing Plaintiff to suffer a brain aneurysm; rendering Plaintiff a disabled individual; murdering Plaintiff's dog…; torturing Plaintiff's seven month old puppy…; tampering with Plaintiff's medication…; harming Plaintiff's reputation; forcibly sterilizing Plaintiff on live broadcast; sexually assaulting Plaintiff on live broadcast; and denying Plaintiff's several attempts to seek redress for the harms resulting from Defendants' misconduct.

(*See id.* at 5, 7-12.) These actions allegedly violated federal and state laws such as the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO), and 42 U.S.C. §§ 1983, 1985, and 1986. (*See id.* at 12.) Plaintiff seeks "civil penalties at the maximum amount permitted under the law," including punitive damages, as well as declarative relief based on alleged violations of the Texas Code of Judicial Conduct, the Texas Disciplinary Rules of Professional Conduct, and the Federal Code of Conduct for United States Judges. (*See id.* at 13-14.)

This is Plaintiff's second *in forma pauperis* (IFP) lawsuit, and it is very similar to his first. In August 2022, he sued Mykill Fields and 1,499 other defendants—many of whom are also named

in this case.³ The August 2022 complaint, which contained essentially the same factual allegations, causes of action, and requested relief as the amended complaint in this case, was dismissed with prejudice as frivolous. *See Ebrahimi v. Fields*, No. 3:22-CV-1906-E-BK, 2022 WL 18494833 (N.D. Tex. Sept. 26, 2022), *rec. accepted* 2023 WL 1072003 (N.D. Tex. Jan. 27, 2023).

## II.     PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey*, 846 F.2d at 1021. The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it. *See id.*

---

³ Examples of defendants named in both cases include: Netflix, Anheuser-Busch Companies, Dollar Shave Club, Inc., The State of Texas, Texas Governor Greg Abbott, Supreme Court of Texas Chief Justice Nathan Hecht, Jonah Hill, Justin Bieber, Brie Larson, President Joseph Biden, Charles Barkley, and Guillermo del Toro . (*Compare* 3:22-cv-1906-E-BK, doc. 6 at 1, 3, 6, 17, 38, 40, 43, 44 *with* 3:23-cv-00273-K-BH, doc. 7-2 at 2, 8, 19, 33, 35, 38, 42, 60, 156).

Here, the allegations in Plaintiff's amended complaint mirror those in his August 2022 complaint.[4] Both complaints claim that Defendants have been subjecting him to trafficking, torture, and other illicit acts since he was sixteen years old. (*Compare* 3:22-cv-01906-E-BK, doc. 1 at 3 *with* 3:23-cv-00273-K-BH, doc. 7-1 at 4.) Both allege "no less than 5,000 actionable events" underpinning his claims. (*Compare* 3:22-cv-01906-E-BK, doc. 1 at 4 *with* 3:23-cv-00273-K-BH, doc. 7-1 at 5.)[5] Both also contain a substantially similar "claims" section that details the myriad of ways in which Defendants allegedly conspired against him and infringed on his rights, as well as the statutes and laws that they allegedly violated. (*Compare* 3:22-cv-01906-E-BK, doc. 1 at 7-10 *with* 3:23-cv-00273-K-BH, doc. 7-1 at 6-14.) The complaints also seek similar relief, except that instead of asking for declaratory relief related to alleged violations of rules of professional conduct and judicial canons, the August 2022 complaint sought the issuance of "show cause orders" directing the Texas licensed attorney defendants to show why they should not be disciplined under the Texas Code of Judicial Conduct and the Texas Disciplinary Rules of Professional Conduct. (*Compare* 3:22-cv-1906-E-BK, doc. 1 at 11 *with* 3:23-cv-00273-K-BH, doc. 7-1 at 14.) Finally, his amended complaint in this case names many, if not all, of the defendants that he named in his August 2022 lawsuit.[6]

---

[4] An amended complaint "supersedes and replaces an original complaint, 'unless the amendment specifically refers to or adopts the earlier pleading.'" *Eubanks v. Parker Cnty. Comm'rs Court*, No. 94-10087, 1995 WL 10513, at *2 (5th Cir. Jan. 3, 1995) (citation omitted). Plaintiff's amended complaint does not refer to or adopt the original complaint. (*See generally* doc. 7-1.) The amended complaint is the operative pleading in this matter and renders the original complaint of "no legal effect." *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).

[5] In both cases, Plaintiff emphasizes that the 5,000 actionable events do not include 330 "simulated attorney-client cases;" the phone calls, text messages, and e-mails that those cases spawned; or the tv commercials, movies, and songs that were made by misappropriating Plaintiff's assets and information. (*Compare* 3:22-cv-01906-E-BK, doc. 1 at 4 *with* 3:23-cv-00273-K-BH, doc. 7-1 at 5-6.).

[6] Even if the amended complaint includes new defendants, the addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case. *See*, *e.g.*, *Bailey*, 846 F.2d at 1020-21.

Because Plaintiff's amended complaint involves "the same series of events" and allegations of "many of the same facts" as the August 2022 complaint, it is duplicative of that complaint and should be dismissed as frivolous. *See Bailey*, 846 F.2d at 1021.

### III. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Nor is it necessary if a claim would be futile. *See, e.g.*, *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). Here, Plaintiff's claims are clearly duplicative of those already raised and rejected in another case, so any proposed amended would be futile. No further opportunity to amend is warranted.

### IV. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** with prejudice as frivolous under 28 under 28 U.S.C. § 1915(e)(2).

**SO RECOMMENDED** on this 18th day of April, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE